Algodones Land & Town Co. v. Frank, 21 N. M. 82.

Action by the Algodones Land & Town Company against A. J. Frank and others. From a judgment for plaintiff, defendants appeal. Affirmed.

EDWARD A. MANN and JOHN VENABLE of Albuquerque, for appellants.

· The court should have found appellee guilty of laches.
Patterson v. Hewitt, 11 N. M. 1, 66 Pac. 552, 55 L. R. A. 658.

Court should have found that appellee was estopped by its acts and conduct from claiming an interest in lands in question.
16 Cyc. 762, 699, 719; Stowe v. Myse; 18 Am. Dec. 99, 102; Second Nat'l Bank v. Gilbert, 174 Ill. 485, 66 Am. St. R. 306.

H. B. JAMISON of Albuquerque, for appellee.

Appellee was not guilty of laches.
Patterson v. Hewitt, 11 N. M. 1, not in point.

The elements necessary to estoppel do not exist in this case.
16 Cyc. 726; Dye v. Crary, 13 N. M. 439; Hughes v. Ketchum, 96 U. S. 658; Armstrong v. Amer. Exchange Nat'l Bank, 133 U. S. 433; Thompson v. Sioux Falls Nat'l Bank, 15 U. S. 229; Schroeder v. Young, 161 U. S. 334.

By signing as an attesting witness to a deed one is not estopped to assert an adverse claim to the land conveyed.
· Coker v. Ferguson, 70 Ala. 284 (see also Marshall v. Pierce, 12 N. H. 127); Driscoll v. Brooklyn Union El. Co., 42 Misc. (N. Y.) 120, 85 N. Y. Suppl. 1000 (affirmed in 95 N. Y. App. Div. 146, 88 N. Y. Suppl. 745); Contra, College Point Sav. Bank v. Vollmer, 44 N. Y. App. Div. 619, 62 N. Y. Suppl. 389; Hale v. Morgan (Tenn. Ch. App. 1900), 63 S. W. 506.

## OPINION OF THE COURT.

PARKER, J.—On July 17, 1900, the plaintiff, appellee, and the defendant A. J. Frank entered into a contract in writing whereby the said defendant agreed to construct upon certain lands described in the complaint, a modern smelting plant for the reduction and refining of precious mineral ores, which smelter was to be of certain prescribed dimensions and with certain prescribed equipment, within a period of six months from the date of the said agreement, and the plaintiff agreed that in consideration of the construction upon said lands of the said smelter to make a conveyance to the said defendant of the said land, which was accordingly done on the same day. The deed mentioned was recorded on the 19th day of July, 1900, by the said defendant, and the contract was likewise recorded on October 13, 1904. The deed was an ordinary warranty deed and contained no conditions and made no reference to this contract. The contract refers to the deed and declares that the same is made upon the express condition that it shall not remain operative or binding unless the said defendant shall, within six months after the date of the contract, construct the said smelter upon the said land, and that in case the said defendant fails and refuses to so construct the said smelter, that the said deed shall remain inoperative and void after the 20th day of January, 1901, and the said land should revert to and remain the property of the plaintiff. On September 20, 1900, the said defendant Frank conveyed to the defendant the New Mexico Smelting & Refining Company all of the land conveyed to him by the deed from the plaintiff. The defendant the New Mexico Smelting & Refining Company, in January, 1903, conveyed to most of the other defendants certain lots and blocks of the said land which are specified in the complaint. The defendant the New Mexico Smelting & Refining Company executed a deed of trust or mortgage in favor of the defendant the People's Trust Company, under date of June 1, 1901, upon certain lots, blocks, and parcels of the lands conveyed by plaintiff to the defendant Frank. The defend-

ant the New Mexico Smelting & Refining Company, by
deed dated December 21, 1905, conveyed to the defendant
Ernest Mysenburg all of the said lands and premises ex-
cept those theretofore conveyed to others of the defend-
ants as hereinbefore mentioned. The defendant A. J.
Frank failed to perform any of the conditions of the said
contract in writing within the said six months specified in
said contract, or at all, whereupon it is alleged the plain-
tiff entered and took possession of all of the land de-
scribed in the complaint and continued so in possession
down to the time of the filing of the complaint. The
plaintiff prayed for a decree declaring it to be the owner
of the said lands and premises, and that the defendants
be barred and estopped from having or claiming any
right or title to the said lands and premises adverse to
the plaintiff, and that plaintiff's title thereto be quieted
and set at rest.

The defendants filed a joint answer in which they al-
lege two facts upon which they rely by way of defense.
The first is that on November 19, 1900, the plaintiff and
the defendant A. J. Frank made and entered into a new
and complete contract whereby the plaintiff agreed to re-
lease the said defendant Frank from the building of the
smelter set forth and referred to in the original contract,
and agreed to sell the land described in plaintiff's deed to
the said Frank for and in consideration of the sum of
$600, which said sum was duly paid to the plaintiff at
that time. This contract was alleged to be an oral con-
tract and made between the plaintiff acting by its presi-
dent, R. G. Balcomb, but it is alleged that the same was
then and there fully executed by the payment of the
money, and that therefore the said deed to the said Frank
became and was absolute. The second fact pleaded in the
answer is that on November 19, 1900, the plaintiff entered
into a contract wherein and whereby it recognized and
acknowledged ownership of the said property in the de-
fendant the New Merico Smelting & Refining Company,
and acknowledged and confessed in writing that the said
New Mexico Smelting & Refining Company was in fact

the owner of the property set out and described in said deed; that since said contract was executed and entered into by the plaintiff, it has proceeded to carry out the same and has permitted persons to buy portions of said lots and blocks from the defendant the New Mexico Smelting & Refining Company, and has stood by for nearly ten years and permitted the said New Mexico Smelting & Refining Company to sell and deed to others of the defendants blocks and portions of said land and premises, without claiming, setting up, or alleging any title thereto. The contract referred to in the answer is a contract whereby the plaintiff and the defendant the New Mexico Smelting & Refining Company appointed one R. G. Balcomb their joint resident agent at the said town of Algodones, with power to sell and dispose of the lots and blocks and receive the proceeds of the sale thereof, and making provision for the bearing of the expenses of such sales, and contains a recital as follows:

"Whereas the parties hereto are the owners of certain town lots and blocks in and around the town of Algodones in the county of Bernalillo, in the Territory of New Mexico, the said parties owning substantially the same number of lots and blocks."

The plaintiff replied, denying the making of the alleged subsequent agreement for the sale of the land in question for the sum of $600. The plaintiff admitted that it entered into the contract with the New Mexico Smelting & Refining Company whereby the said Balcomb was designated and appointed as the joint agent of the contracting parties, but denied that it recognized or acknowledged any ownership of the property in the New Mexico Smelting & Refining Company, except such ownership as is shown in the original contract accompanying the conveyance to the defendant Frank. It denied that it permitted the selling and deeding of portions of said premises without claiming title thereto, and alleged that at the time of the making of the contract between the said defendant Frank and the plaintiff, the plaintiff was in actual peaceable and exclusive possession of the said premises as

owner- thereof; that upon failure of the said Frank to fulfill the conditions of his said contract that the plaintiff re-entered and took possession of the property and premises as the absolute owner thereof, and has so maintained such possession since that time.

[1]  Counsel for appellants rely upon two propositions; viz.: (1) that the plaintiff was guilty of laches; and (2) it is estopped by its conduct from asserting its claim. It is sufficient to say, in regard to the alleged laches of plaintiff, that the same is neither pleaded nor proved. No fact is alleged which shows that it would now be inequitable to allow plaintiff to assert its claim. The property, so far as appears, is of no more value than when it was conveyed to the defendants, and they are not shown to have improved it or changed its character in any way. The only allegation and proof approaching the subject are in regard to the payment of taxes by the defendants. But this is not available in this regard for the reason that the defendants all pleaded that they knew of the condition of the title which Frank took from the plaintiff. Under such circumstances the doctrine of laches is not applicable.  Counsel rely upon Patterson v. Hewitt, 11 N. M. 1, 60 Pac. 552, 55 L. R. A. 658, for the application of the doctrine of laches in this case. This is a well-considered case and clearly points out that mere lapse of time gives no ground for the application of the doctrine. It is only when it would be inequitable to allow the assertion of a stale claim that the doctrine is ordinarily available. See 16 Cyc. 152, 153. In this case there are no equities in favor of the defendants on account of their admitted knowledge of all the facts.

[2]  The doctrine of estoppel is equally unavailable to defendants in this case. They knew, according to their own allegations, of the infirmities of the title in the defendant. Frank and relied, not upon any act or deed of the plaintiff, but upon an alleged payment of the $600 by the defendant Frank to the plaintiff in full of the purchase price on the land, and in lieu of the agreement by Frank to build the smelter. They do not allege that they

paid value for the land or that they relied on the record title in their grantor. They were not misled by the plaintiff in any way, took no position to their detriment by reason of the conduct of the plaintiff, but they acted with their eyes open and with full knowledge of all the facts. In such case there is no estoppel. Dye v. Crary, 13 N. M. 439, 458, 85 Pac. 1038, 9 L. R. A. (N. S.) 1136; 16 Cyc. 726.

It follows that the judgment of the trial court was correct and should be affirmed; and it is so ordered.

HANNA, J., concurs.

ROBERTS, C. J., being absent, did not participate in this decision.

---

[No. 1759, September 9, 1915.]
[Rehearing Denied January 11, 1916.]
KEMP LUMBER CO. v. WHITLATCH et al.