FLOSSIE M. LITTLE, ADMINISTRATRIX OF WILLIAM R. LITTLE v. THE BANK
OF WADESBORO, AS ADMINISTRATOR OF WALTER S. LITTLE, AND AS
GUARDIAN OF OLLIE B. LITTLE AND JULIA L. LITTLE, MINORS, AND AS TRUSTEE,
AND OLLIE B. LITTLE, SURVIVING WIDOW OF WALTER S. LITTLE.

(Filed 22 January, 1924.)

1. **Deeds and Conveyances—Fraud—Limitation of Actions — Statutes —
   Appeal and Error.**

   An action to set aside a deed to lands on the ground of fraud and mis-
   take, C. S., 444 (9), must be brought within three years next after the
   cause of action accrued, considered as being when the party aggrieved
   should have discovered the facts constituting the fraud or mistake relied
   upon in his suit, and the relief afforded by the statute has a broader
   meaning than the common-law actions of fraud and deceit and applies to
   any and all actions, legal or equitable, where fraud is the basis or an
   essential element in the suit.

2. **Deeds and Conveyances—Fraud—Statutes—Appeal and Error.**

   It is fraud sufficient to set aside a deed to lands where the weakness
   of the grantor's mind has been designedly controlled by the influence of
   another to such an extent as to entirely supplant his will and cause him
   to make an improvident and harmful disposition of his property that he
   would not otherwise have made; and where in an action of this character
   there is sufficient evidence to establish this fact, it falls within the three
   year statute of limitations, C. S., 444 (9) ; and a contrary ruling by the
   trial judge constitutes reversible error.

3. **Same—Verdict.**

   Where the evidence upon the trial to set aside a deed for fraud
   practiced upon the grantor is sufficient, under the provisions of C. S., 444

1—187

(9), and the trial judge has erroneously ruled to the contrary as a matter of law, this reversible error is not relieved by the principle that the statute does not begin to run till the influence has been removed, when it does not appear on appeal that such influence had ever been removed, and the jury have found the issue of fraud without being permitted to pass upon this question.

**4. Same—Trusts.**

Where the suit is to recover in money the difference between the grossly inadequate consideration paid for a conveyance of land, attacked upon the ground of fraudulent influence used upon the mind of the grantor for the grantee's benefit, and the reasonable value thereof, C. S., 444 (9), limiting the action to three years in cases of fraud applies, and it is reversible error for the trial judge to hold, as a matter of law, that the ten years statute relating to actions to impress a trust upon property only was applicable.

APPEAL from *Harding, J.,* at June Term, 1923, of ANSON.

Civil action, wherein W. R. Little was plaintiff and the Bank of Wadesboro, as administrator, etc., and Ollie B. Little are defendants. After the trial of the cause, and pending the appeal, W. R. Little, the original plaintiff, having died, Flossie M. Little, his administratrix, was made party plaintiff and is allowed as such to prosecute said appeal.

The action, instituted on 9 August, 1920, is in effect to set aside a deed made in November, 1914, by original plaintiff, Wm. R. Little, hereinafter designated as plaintiff, conveying to Walter S. Little a large amount of property, real and personal, at a grossly inadequate price, and to charge the estate of W. S. Little, now in the hands of defendants, with the actual value of the property in favor of plaintiff and his estate, less the purchase price, etc. And there were allegations in the complaint and facts in evidence on part of plaintiff permitting the inference that John R. Little, uncle of plaintiff, died in February, 1914, leaving a last will and testament in which he devised and bequeathed to plaintiff a valuable plantation in Anson County, containing 1,222.35 acres, part of same being in a high state of cultivation, and also with much valuable timber thereon, together with a full and valuable stock and equipment, machinery, and supplies, the total property being worth over $100,000 and more. That L. L. Little, father of plaintiff, was executor of the said will, and as executor and trustee for certain purposes in the management and control of the property. That said L. L. Little had always, as against plaintiff, manifested a marked partiality for his second son, Walter Little, which became more marked and aggravated as the years passed, and soon after the death of John R. Little he became obsessed with a determined purpose to make plaintiff convey said land, machinery, and other personal property bestowed on plaintiff under the will of John R. Little to said second son, and

that by persistent threats, intimidation, etc., throughout the year he so worked on plaintiff as virtually to coerce him to convey same to Walter S. Little, at the grossly inadequate price of $35,000, by deed executed in November, 1914, and thereafter Walter S. Little took possession of said property as owner under said deed. That after selling off valuable timber on the property said Walter Little subsequently sold the land for $75,000 in cash, and the proceeds of same or much of it is now in control of defendant bank, his administrator and guardian of his children, and a portion thereof is in possession of defendant, his surviving widow. And that the value of said proceeds, together with the personal property above referred to, now in hands of defendants, with accumulated interest, amount to $122,342.67 over and above the said purchase price of $35,000. That at the death of John R. Little and before and since that time plaintiff had been a confirmed addict to the drug and liquor habits, had been in several hospitals, and sanatoriums for treatment, and during the year 1914 was emaciated in body and feeble of mind and will, and was mentally incompetent to make a deed disposing of his property, and further, that owing to his weakness of mind and body he became absolutely subject to the will of said L. L. Little, and made the conveyance to Walter S. Little under the will and dictation of L. L. Little, and which plaintiff would not otherwise have done.

Defendants averring that the property was nothing like the value claimed by plaintiff, deny that plaintiff was incompetent or that there was any undue and fraudulent influence exerted in procuring the deed, and aver that owing to plaintiff's habits of dissipation, etc., his father, realizing that he was incapable of managing wisely a property of the extent and kind conveyed in the deed, did advise and counsel a conveyance to the second son, and the payment of a proper price therefor, with a view of preventing a waste and destruction of the property and also to provide plaintiff with a means of livelihood. That the father was himself a man of large means, who made substantial provision for plaintiff in his last will and testament, and which plaintiff received and has used and enjoyed since his father's death, in addition to the $35,000 paid him for the John R. Little property. That plaintiff made the said deed of his own mind and will, and all was done with a view of providing him a competency that was within his strength and capacity. Defendants offer much evidence in support of their positions, and in addition plead the three years statute of limitations, the ten years statute, and the laches of plaintiff in failing to make claim in reasonable time, or during the lives of his father and brother, etc.

It appeared further that Walter S. Little died in January, 1919, L. L. Little, the father, died in September, 1920, and suit was com-

menced in August, 1921. That W. R. Little, as stated, died since cause was tried, and same, by leave of court, is being prosecuted by his administratrix.

The court charged the jury, ruling as a matter of law, among other things, that only the ten-year statute of limitations applied to plaintiff's suit and that on the facts presented the suit was within the time allowed by the law. On issues submitted the jury rendered the following verdict:

"1. Did the plaintiff, William R. Little, have sufficient mental capacity to make and execute the deed to Walter S. Little, dated 21 November, 1914? Answer: 'Yes.'

"2. If not, did Walter S. Little, at the time of the execution and delivery of the said deed, have notice of the want of sufficient mental capacity to make and execute the deed? Answer: '............. .....'

"3. Was the deed from William R. Little to Walter S. Little, dated 21 November, 1914, obtained by the undue influence of L. L. Little, as alleged in the complaint? Answer: 'Yes.'

"4. If so, did Walter S. Little have notice at the time he received the deed from William R. Little that said deed had been executed by said William R. Little by reason of the undue influence of L. L. Little? Answer: 'Yes.'

"5. Did L. L. Little act as the agent of Walter S. Little in procuring the deed from William R. Little? Answer: 'Yes.'

"6. Is the plaintiff's cause of action barred by the statute of limitations, as alleged in the defendant's answer? Answer: 'No.'

"7. Did the plaintiff exercise due diligence in electing to rescind the execution of the deed to Walter S. Little? Answer: 'Yes.'

"8. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: '$38,463.' "

Judgment on the verdict, and defendants excepted and appealed, assigning errors.

*A. A. Tarlton, Enos T. Edwards, and Stewart, McRae & Bobbitt for plaintiff.*

*J. A. Lockhart, McLendon & Covington, and Caudle & Pruette for defendants.*

HOKE, J. Our statute of limitations, C. S., ch. 2, sec. 444, subsec. 9, provides that actions for relief on the ground of fraud or mistake shall be brought within three years next after the cause of action accrues, the cause of action not to be considered as accruing until the discovery by the aggrieved party of the facts constituting the fraud or mistake. It will be noted from the language used, "relief on the ground of fraud," that the statute has and was intended to have a

broader meaning than the ordinary common-law actions for fraud and deceit, and in our opinion clearly applies to any and all actions legal or equitable where fraud is the basis or an essential element of the action. And this being true, it extends and should be applied to the suit as constituted in the present record.

While there is a suggestion made in *Dixon v. Green,* 178 N. C., 205, that undue influence is not always and necessarily fraudulent, when it is made to appear that one taking advantage of another's weakness has acquired a controlling influence over him, and has exerted it in a given case on an owner of property to such an extent as to entirely supplant the owner's will in the matter, and cause him to make an improvident and harmful disposition of his property that he would not otherwise have made, this is properly considered fraud of a pronounced type, so much so that in such instance "fraud" and "undue influence" are generally used together as expressing one and the same idea, and in this jurisdiction and elsewhere relief is awarded on that theory. *Myatt v. Myatt,* 149 N. C., 137; *In re Abee's Will,* 146 N. C., 273; *Posten v. Gillespie,* 58 N. C., 258; *Wright v. Howe,* 52 N. C., 412; *Marshall v. Flynn,* 49 N. C., 199; *Boardman v. Lorentzen,* 155 Wis., 566, reported also in 52 L. R. A., N. S., 476; *Whitcombe v. Whitcombe,* 205 Mass., 310; 12 R. C. L., 230-231.

In *Myatt's case, supra,* it was held: "While undue influence sufficient to set aside a deed does not necessarily include moral turpitude, or even an improper motive, yet, when the deed is the result of a dominant influence exercised over the mind of the grantor by another, so that the mind of the grantor is suppressed or supplanted and the deed expresses the will of the actor producing the result, the deed so obtained is not improperly termed fraudulent."

In the Wisconsin case, *supra:* "He who obtains property by will or otherwise through undue influence or consciously taking advantage of the incompetency of the owner, commits a fraud and of a most serious character."

And in the Massachusetts case, "Undue influence is a species of fraud, or it partakes of the nature of fraud, whether it consists of deception or of coercion without deception." In this connection, a helpful reference as to the meaning of the term "fraud" and its inclusive nature appears in *Oil Company v. Guano Company, post,* 157, opinion by *Associate Justice Stacy.*

This being the correct interpretation of the allegations of the complaint, and evidence offered by plaintiff in their support, this cause of action comes clearly within the statutory provision of three years as above set forth, and it was prejudicial error for the court to have made a contrary ruling.

It is suggested for appellee that in cases like the present, the statute does not begin to run till the influence is removed. That is the rule very generally prevailing and it has been virtually so held with us. *Oldham v. Oldham*, 58 N. C., p. 89, and other cases; 25 Cyc., p. 1195. But this, to our minds, only serves to emphasize the harmful significance of the error complained of. Under our law, as stated, the statute does not begin to run until the influence complained of has ceased. All that the jury have determined on this question is that in answer to the third issue they find that the deed of November, 1914, was procured by undue influence of L. L. Little. Whether and when such influence may have ceased, or whether it continued until three years next before action brought, and was of a kind to prevent the grantor from taking orderly and proper steps to question the validity of the deed, has never been considered or passed upon and could not be, owing to the ruling of his Honor that in any aspect of the facts the cause of action was not barred.

Again it is contended that this is an action to impress a trust upon the property, and in such cases the statute of limitations is the general statute of ten years, as his Honor ruled, which time had not elapsed when the suit was instituted. We have held in some cases that the general statute of ten years will apply when the suit is to have one declared trustee for another's benefit and the pertinent facts come directly within the effect and operation of the statute. *Sexton v. Farrington,* 185 N. C., p. 339, and authorities cited. But in this case the alleged right to impress a trust upon this property is dependent upon the validity or invalidity of the deed from plaintiff to his brother, Walter, and if the right to assail this deed is barred by the statute, any and all claim to the proceeds in the possession and control of defendants is also barred. For the purposes of this claim, the proceeds from a sale of the property stands in the place of the property itself, and if the one is protected by the statute, the other is also. *Sprinkle v. Wellborn,* 140 N. C., p. 163.

As a matter of fact and by correct interpretation, this is not an action to impress a trust upon property, but one to recover the proceeds of property acquired by fraud and undue influence and of which defendant's predecessor in title had full notice.

For the error indicated there should be a new trial of the cause and it is so ordered.

New trial.