164 P.2d 579

## PACHECO v. FRESQUEZ.

No. 4897.

Suprème Court of New Mexico.

Nov. 29, 1945.

Rehearing Denied Jan. 11, 1946.

G. T. Watts and O. O. Askren, both of Roswell, for appellant.

Frazier & Quantius, of Roswell, for appellee.

BICKLEY, Justice.

This case introduces the singular feature that it was decided upon a theory not presented by the pleadings and that the theory upon which the trial court rested its decision did not make its appearance until the trial court made its findings of fact and conclusions of law. Were it not for the fact that the parties made no objection to the theory of the decision upon the record as developed, we would be disposed to send the case back for further proceedings, but in view of the unlikehood of any change in the evidence or the result, and particularly in view of the absence of objection on account of change of theory of the case alone, we set forth upon an examination of the appellant's objections and exceptions to the decision to ascertain if the judgment is correct upon the new theory imported by the trial judge.

To understand our decision it will be important to notice the chronology of events.

On December 24, 1942 the plaintiff commenced his action on a promissory note executed by defendant in the amount of $1,000 dated May 5, 1941, due one year after date, bearing 4% interest per annum and 10% additional on principal and interest unpaid for attorneys fees if placed in the hands of an attorney for collection.

According to our computation, the cause of action of the plaintiff at the date of the judgment rendered on December 9, 1944, would have amounted to $1,258.14.

The defendant on February 2, 1943, answered, admitting the execution of the note and putting in issue the matter of attorney fees and the question of payment. There was also an answer by way of new matter to the effect that defendant was not indebted to plaintiff "as will more fully appear from the allegations of the cross-complaint filed herein."

Defendant's cross-complaint alleged:

"That heretofore the parties hereto were co-partners engaged in the ranch and sheep business and that by an agreement in writing dated May 8, 1941, the parties hereto settled the partnership accounts.

"That in addition to the partnership assets, Defendant and his wife owned as community property 180 head of sheep

which were taken in the custody of plaintiff in June, 1932, upon the agreement that the Plaintiff would care for same for 50¢ per head per year; that the Plaintiff kept the control of said sheep and all increase thereof until the fall of 1935; that the Plaintiff also appropriated all of the wool from said sheep and the increase thereof during said years; that in the year 1933 the Plaintiff sold approximately 1296 pounds of wool from said sheep at 16¢ per pound and received and appropriated the sum of $207.36; that in the year 1933 the Plaintiff sold the lamb crop for a consideration of $303.00 and retained the proceeds thereof; that in the year 1934 the Plaintiff sold approximately 1168 pounds of wool from said sheep at 16¢ per pound for a total of $186.88 and also sold the lamb crop for approximately $388.88 for said year all of which he retained; that in the year 1935 the Plaintiff sold approximately 1056 pounds of wool from said sheep at 18¢ per pound receiving $190.08 for the same all of which he retained, and in said year the Plaintiff also sold the lamb crop for approximately $356.40 all of which he retained; that in the fall of 1935 the Defendant sold the remaining 132 head of said sheep for a consideration of $660.00 all of which sum he retained; and in the fall of 1935 the Defendant also sold ten head of angora goats belonging to Defendant and his wife as community property for a consideration of $30.00 all of which he retained; that as a result of said appropriation the Plaintiff received and retained the total sum of $2384.54 of the community

property of Defendant and his wife and during said period of time the Plaintiff would have been entitled to receive from Defendant the sum of $220.00 for pasturage of said sheep, leaving a net balance of $2164.54 due to Defendant from Plaintiff.

"That the parties hereto discussed said transactions many times and Plaintiff requested Defendant to give him time in which to pay said sums; that Plaintiff has never denied that Defendant is entitled thereto; that the time and terms of payment were vague and indefinite and that relying upon Plaintiff's assurances of payment from time to time the Defendant never brought suit therefor or pressed for the payment thereof; that the last discussion regarding the payment of said sums was about the time of the dissolution of the partnership about *May 8, 1941*; and that at the said time, the Defendant did request the Plaintiff to make payment thereof *such being the first definite request made* but Plaintiff has failed to so far pay said sums.

"That by reason of the repeated assurances by the Plaintiff upon which the Defendant relied, the period during which the account has been pending has become extended and that by reason of the acts and conduct on the part of the Plaintiff he is now barred and estopped from setting up the statute of limitations *as a defense to this action;* the Plaintiff by his said acts and conduct induced the defendant to give him more than four years in which to pay said sums of money and the Defendant

having been anxious to avoid any difficulty or litigation between the parties hereto.

"Wherefore, Defendant prays that he have and recover of and from the Plaintiff the sum of *$2164.54 with interest as provided by law* and all costs incurred herein; and that he have such other and further relief as may be just and proper." (Emphasis supplied.)

According to our computation the accumulations of interest would have brought defendant's claim under the cross-complaint up to $3,222.98 at the date of the judgment.

The plaintiff answered the cross-complaint as follows:

"II. That in answer to Paragraph 3, this plaintiff and cross-defendant denies each and every allegation therein contained and further answering said Paragraph alleges and states that if any of the indebtedness therein set out was ever due by this plaintiff to the defendant, the same is now barred by the statute of limitations and no action can be maintained thereon.

"III. That in answer to Paragraph 4 this plaintiff and cross-defendant denies each and every allegation therein contained.

"IV. That in answer to Paragraph. 5 this plaintiff and cross-defendant denies each and every allegation therein contained.

"Second Defense

"Comes now the plaintiff and cross-defendant, and for his Second Defense alleges and states:

"I. That heretofore to-wit on May 8, 1941, the plaintiff and defendant had a full and complete settlement of all their accounts and after said accounting between the plaintiff and defendant and after the defendant had agreed to purchase of the plaintiff the plaintiff's interest in a partnership ranch and the livestock thereon, it was then found that the defendant would owe to the plaintiff the sum of seven thousand ($7,000.00) Dollars, which said sum was paid by the payment of the defendant to the plaintiff the sum of Five Thousand ($5,000.00) in cash, and the delivery of the defendant to the plaintiff of two promissory notes, in the sum of One Thousand ($1,000.00) Dollars each, one of which notes is the subject of this litigation, and as is described in plaintiff's Complaint; that in arriving at said sale price and settlement all of the accounts, both individually and of the partnership were taken into consideration and that by reason thereof, this plaintiff and cross-defendant is not indebted to the defendant and cross-plaintiff in any amount; a true and correct copy of the agreements heretofore entered into between plaintiff and defendant being attached hereto, made a part hereof, and for purposes of identification marked Exhibits A.

"Wherefore, this plaintiff and cross-defendant having fully answered said Cross-Complaint prays that the same be dismissed, and that this cross-defendant recover his costs by him in this action expended, and for all relief prayed for in his original Complaint."

The trial was commenced on August 5, 1943, was adjourned, and on September 28, 1943 was resumed and concluded on that day. Thereafter on the 24th day of November, 1944 there was filed a decision of the court which contained findings of fact and conclusions of law, material portions of which are as follows:

"That the defendant in this action was in 1932 the owner of 180 head of dogie lambs which he turned over to the plaintiff to run for him at the agreed price of fifty cents per head per year, and that the plaintiff ran said sheep and their increase until he sold them in the year 1935. That he sheared said sheep each year, sold the wool, and retained the proceeds to his own use; that in the year 1935 he sold all of said sheep and retained the proceeds although often requested to account to the defendant.

"That said transaction was entirely separate and apart from the partnership and was not taken into consideration in settling the affairs of the partnership.

"That the defendant was unable to raise more than $5,000.00 cash to carry out the terms of settlement, and executed the two notes to A. C. Hendricks in order to complete the settlement.

"That the agreement to run the Fresquez sheep was verbal and more than four years had elapsed before the filing of this action and the defendant's cross-complaint.

"That the relation of uncle and nephew existed between the parties.

"That the value of the sheep, their increase, and the wool clipped and sold exceeds the amount due on the note sued on herein.

"Based on the foregoing findings of fact, I make the following

"Conclusions of Law

"That there is due and owing to the defendant by the plaintiff more than the amount of the note and accrued interest; the defendant is entitled to use so much as may be necessary to cancel the note, but may not recover the additional amount due.

"That the defendant is entitled to recover his costs."

On December 2, 1944, plaintiff applied for an extension of time until December 9, 1944 in which to file exceptions to the court's decision, which extension was granted.

On December 8, 1944, plaintiff filed his exceptions to the court's findings of fact and conclusions of law. The exception to the court's conclusions of law which is material in view of what we decide, is as follows: "That the plaintiff excepts further for the reason that more than 4 years had elapsed since any action had accrued, if any did accrue, in favor of the defendant, the same is barred by the Statute of Limitations, and that the defendant is guilty of laches in asserting his claim."

This is a vital exception made by plaintiff and must be construed in the light of what had happened theretofore, and as supplemented by plaintiff's requested find-

ings of fact and conclusions of law also filed on December 8, 1944. The pertinent designated requested finding of fact is: "that the claim asserted by the defendant in his Cross-Complaint is without merit," and requested conclusion of law as follows: "That the defendant, by reason of his acts and conduct and the accounting had between the parties in the Lincoln County proceeding, is estopped from having or claiming any offset on account of the plaintiff's claim asserted in the plaintiff's Complaint and that the defendant, by reason of his acts and conduct has been guilty of laches and should be denied the relief sought in this Cross-Complaint."

The judgment rendered on December 9, 1944 (omitting the formal parts) is as follows: "It is ordered, adjudged and decreed that any recovery by plaintiff is barred because the counter-claim of defendant is in excess of any amount to which plaintiff is entitled hereunder; and that defendant is entitled to recover all costs herein expended. To which judgment the plaintiff excepts."

 It should be noted that plaintiff excepted to the judgment but the defendant cross-complainant did not except thereto nor to any of the findings and conclusions made by the court. Said defendant, cross-complainant says in his brief: "The trial Court decided the case, however, apparently on the theory of counter-claim, but the result was correct so far as Appellee is concerned, because the claim against Appellee by Appellant, represented by the two one-thousand dollar notes would just about balance the amount of money due Appellant on account of the sales of wool and sheep. Possibly, there would be some balance due to Appellee, considering the interest involved and due, but we are willing to waive that amount in order to end the controversy. Therefore, we are satisfied with the judgment below."

Thus the cross-complainant-appellee not having preserved any error, if any were committed against him, and having taken no cross-appeal, and not having brought himself within the provisions of Section 2 of Rule 17 of Supreme Court Rules is obliged to sustain the trial court's decision solely against the attacks made upon it by appellant.

The pertinent law governing counterclaims is 1941 Comp. § 27-114: "Set-offs or counterclaims not barred—Defendant not to receive excess.—A set-off or counterclaim may be pleaded as a defense to any cause of action, *notwithstanding such set-off or counterclaim may be barred by the preceding provisions of this chapter*, if such set-off or counterclaim so pleaded was the property or right of the party pleading the same at the time it became barred and at the time of the commencement of the action, *and the same was not barred at the time the cause of action sued for accrued or originated;* but no judgment for any excess of such set-off or counterclaim over the demand of the plaintiff as proved shall be rendered in favor of the defendant. (Laws 1880, ch. 5, § 14;

C.L.1884, § 1874; C.L.1897, § 2927; Code 1915, § 3357; C.S.1929, § 83-112.)" (Emphasis supplied.)

■ Appellee urges that the assertion of plaintiff that the counterclaim was barred when plaintiff's cause of action accrued or originated was not urged in the court below or assigned as error here. We think appellee is mistaken. Since the trial court and the counsel for plaintiff must be credited with a familiarity with the counterclaim statute above quoted and since the trial court in effect found that the cross-complaint was barred "before the filing of this action and the defendant's cross-complaint," and since under the statute quoted, the fact that a counterclaim is barred "at the time of the commencement of the action" does not prevent its being maintained if it is otherwise maintainable, the only thing the plea of statute of limitations contained in plaintiff's answer to the cross-complaint when considered as a counterclaim could reasonably be directed to would be that the counterclaim was "barred at the time the cause of action sued for accrued or originated"; and in the situation last above described and for the same reasons the only thing that plaintiff's exception "that more than 4 years had elapsed since any action had accrued, if any did accrue, in favor of defendant, the same is barred by the statute of limitations, and that the defendant is guilty of laches in asserting his claim" could be reasonably directed to would be that the counterclaim was "barred at the time the cause of action sued for [by plaintiff] accrued or originated." Likewise the appellant reserved a general exception to the judgment.

■ We think appellant has raised the immediate question here by assignment of error. Among the assignments of error is the following:

"The District Court erred in allowing the appellee's counterclaim * * *

"(c) That the appellee, if it did have a counterclaim, the same was barred by the statute of limitations."

As heretofore noticed the statute speaks of two bars to a counterclaim—one of these is immaterial; the other is vital and will defeat the counterclaim. So, it would seem to be drawing the bead too fine to say that this assignment of error does not complain of the error of the trial court in failing to rule that the counterclaim was barred at the only time material to its defeat, viz., "at the time the cause of action sued for accrued or originated."

So, we must proceed to a review of the question of whether the counterclaim was barred at the time the cause of action sued for by plaintiff accrued or originated.

The cause of action of plaintiff accrued or originated when the note became due and remained unpaid May 5, 1942.

The trial court held, as we have seen, that the cross-complaint was barred on February 2, 1943 when it was filed and was barred on December 24, 1942 when plaintiff's suit was commenced.

An examination of the record shows, as found by the court, that the happenings which were the basis for the cross-complaint all occurred in the year 1935 and years immediately preceding.

So, the cause of action of defendant, if any, as a basis for the cross-complaint was ripe for action by January 1, 1936, at least, and four years had expired by January 1, 1940.

Assuming that defendant's allegations in his cross-complaint which sought to establish an avoidance of the statute of limitations pleaded against his cross-complaint would also subsist as against plaintiff's objection that the cause of action of the defendant treated as a counterclaim was barred at the time plaintiff's cause of action accrued or originated, we are called upon to inquire whether defendant succeeded in so avoiding the bar of the statute.

The trial court evidently was not impressed with defendant's efforts to avoid the statute of limitations as against the cross-complaint, and made no finding thereon and none was requested by the defendant-cross-complainant. The burden of showing matters of avoidance of a statute of limitations is on the party who denies the bar of the statute. 34 Am.Jur., Limitations of Actions, Sec. 450.

The evidence in support of defendant's claim of avoidance of the statute of limitations is stronger when viewed as a bar to the cross-complaint than it would be when viewed as a bar to the counter-claim for the reason that in the latter case the alleged acts and conduct of the plaintiff to constitute an estoppel to set up the bar to the counterclaim would have to relate to the period between January 1, 1936 and January 1, 1940, and it is to be noted that in the cross-complaint defendant alleging matters in avoidance of the statute of limitations said: "that the last discussion regarding the payment of said sums was about the time of the dissolution of the partnership about May 8, 1941, and at the said time the Defendant did request the Plaintiff to make payment thereof such being the *first definite request made.*" (Emphasis supplied.)

It would seem that the defendant, if he relied upon an avoidance of the limitations upon the right to assert a counterclaim, since the burden was on him, should have procured a finding of the trial court showing the facts constituting such avoidance, which he did not do. And we may say in passing that we do not think the making of such a finding would have been warranted if it had been requested.

In this state of the record, and having carefully considered the entire proceedings, we are constrained to hold that the judgment must be reversed and the cause remanded with directions that the judgment be set aside and a judgment entered in favor of the plaintiff for the amount evidenced by the promissory note, with costs.

And, it is so ordered.

MABRY, C. J., and SADLER, BRICE, and LUJAN, JJ., concur.