256 P.2d 534

## CORNELL v. CORNELL.

### No. 5549.

Supreme Court of New Mexico.

March 10, 1953.

Rehearing Denied May 6, 1953.

Further Rehearing Denied June 18, 1953.
See 57 N.M. 380, 258 P.2d 1143.

Rodey, Dickason, Sloan, Mims & Akin, Albuquerque, for appellant.

Martin A. Threet and Joseph R. McNeany, Albuquerque, for appellee.

PER CURIAM.

Upon motion for rehearing the original opinion is withdrawn and the following substituted therefor.

COMPTON, Justice.

This appeal involves the validity of a property right agreement. The parties have been married and divorced twice. The first marriage was terminated on June 13, 1947. They remarried July 15, 1948, and the second marriage was terminated by decree entered February 6, 1952.

Appellee charges in her complaint that during the marital status of the parties community property, in large amounts, was acquired by them and that she is entitled to one-half as her separate property. She further charges that the contract involved, signed by the parties on June 13, 1947 prior to the first decree, purportedly settling their property rights, was induced by fraud, duress and intimidation practiced upon her by appellant. She prays for a cancellation of the property settlement and that the decree approving the same be set aside.

The answer consists of admissions and denials. Appellant denies the existence of community property, except negligible amounts acquired during the second marriage, and prays for an equitable division of such subsequent acquired property. He specifically denies fraud and pleads res judicata, relying upon the decree rendered in the former divorce proceeding, approving the agreement. From an adverse judgment, appellant appeals.

The pertinent findings are:

"22. That Plaintiff's share of the community property, after paying all outstanding obligations against the community, was $49,250, as of June 13, 1947.

"23. That, in the property settlement under date of June 13, 1947, Defendant agreed to give and Plaintiff agreed to receive, as her share of the community property, the sum of $20,-000, payable over a period of years at the rate of $3,000 a year; the automobile, household furniture, and one oil lease of the total value of $26,000.

"24. That at the time of the first divorce suit and the property settlement in 1947, the Plaintiff was inexperienced as to business affairs, and had no knowledge or information as to the value of the community property; that in the property settlement of June 13, 1947, no values were placed upon the community property and Plaintiff was not advised by the Defendant, her attorney, or anyone else as to what the net value of the community property was at the time she executed the Property Settlement Agreement.

"25. That in the property settlement of June 13, 1947, Plaintiff was entitled to one-half of the net value of the community property in the sum of $49,250. She was to receive, under the Property Settlement Agreement, the total sum of $26,000, leaving a balance due her as her one-half of the community property, the sum of $23,250.

"26. That Plaintiff was not fully advised as to the true values of the community property at the time the property settlement was executed between Plaintiff and Defendant, so that she would be placed upon equal footing with the Defendant in order that she might have sufficient information and knowledge in making the property settlement.

"27. That neither the Defendant nor the Plaintiff's attorney advised the Plaintiff or gave her any information as to the value of the community property, so that she might intelligently deal with the Defendant in the property settlement, and their failure to so do, and especially the failure of the Defendant to fully advise the Plaintiff as to the true values of the community property constituted fraud upon the Plaintiff in connection with the settlement of the community property under date of June 13, 1947.

"28. That the Defendant has failed to discharge the burden placed upon him to show that he made a full disclosure as to the rights of the Plaintiff and the value and extent of the community property and the payment of an adequate consideration therefor and because of the fraud practiced upon the Plaintiff in the Property Settlement Agreement of June 13, 1947, such agreement is void as to the Plaintiff and should be set aside and held for naught."

In an opinion explanatory of its decision, the court reluctantly, but specifically found that appellee "did not have *competent* legal advice." Reluctance in making the finding is expressed in the following language: "The court experiences no pleasure in announcing the last phrase of the fore-

going sentence, but has long been of the opinion that being a trial judge is a poor way of entering a popularity contest."

We think the evidence is substantial in character. All negotiations were conducted through counsel for the respective parties. The evidence is clear that appellee's attorney failed to insist on her share for the sole reason the property was encumbered. The future welfare of appellant seemed to be his concern. The record discloses that he first recommended the acceptance of a cash offer of $10,000 and certain personal property of the value of $6,000 as her share of the community. This offer was refused. The next day he made an offer of $20,000, payable over a period of years, and acting under the belief that this amount fairly represented her interest, she accepted the latter offer. In so doing, she received less than her share by $23,250. From a reading of the record it would be difficult to determine whom he represented in the property settlement. It should be stated, however, that counsel for both parties acted in the utmost good faith. The trial court quite properly so found.

■ The doings of appellee's attorney are most unusual. However his conduct can well be explained. It is conceded that subsequently he became mentally incapacitated. At the hearing of this cause, his testimony was not sought, possibly because it was deemed untrustworthy. ◦ We think

it is reasonable to assume that the ailment which overtook this once able advocate had its incipience prior to the 1947 agreement. The inadequacy of consideration and the failure properly to safeguard appellee's rights, suggest as much. This being so, the plea res judicata is unavailing as a defense.

■ We are not unmindful of the presumption attending the making of property settlements. We understand the rule to be that communication of information to an attorney within the scope of his employment is all that is required and such information is presumed to have been communicated to his client. U. S. v. Rio Grande Dam & Irrigation Co., 13 N.M. 386, 85 P. 393; Wittenbrock v. Parker, 102 Cal. 93, 36 P. 374, 24 L.R.A. 197; Chadwick v. Chadwick, 95 Cal.App. 690, 273 P. 86; Hughes v. Leonard, 66 Colo. 500, 181 P. 200, 5 A.L.R. 817. But this does not mean that the agreement itself or the decree approving the same cannot be set aside for fraud.

■ It is the duty of the husband to show the payment of an adequate consideration, full disclosure as to the rights of the wife, the value and extent of the community property, and that the wife had competent and independent advice in the execution of separation agreements. Beals v. Ares, 25 N.M. 459, 185 P. 780. Under the circumstances we cannot say that appellee has not sustained the burden required of her.

The judgment will be affirmed and an additional amount of $750 is awarded appellee for her attorney in representing her on appeal, and it is so ordered.

SADLER, C. J., concurs in the result.

COORS and LUJAN, JJ., concur.

McGHEE, J., not participating.