442 P.2d 203

Rosarito TRUJILLO, Plaintiff-Appellant,

v.

Miguel Patricio PADILLA, Bernardo Padilla, Jr. and Nellie C. De Baca Rael, Individually and as Administratrix with the Will Annexed of the Estate of Bernardo Padilla, Sr., Deceased, Defendants-Appellees.

No. 8332.

Supreme Court of New Mexico.

June 3, 1968.

Rehearing Denied July 10, 1968.

Florenceruth J. Brown, Santa Fe, for appellant.

Ernest E. Valdez, Santa Fe, for appellees.

PER CURIAM:

Upon consideration of motion for rehearing, the original opinion is withdrawn and the following is substituted therefor.

OPINION

COMPTON, Justice.

This is a declaratory judgment action by the plaintiff, formerly the wife of Bernardo Padilla, Sr., now deceased, to set aside a conveyance to him of her interest in community property on the ground that she did not have independent legal counsel to advise her regarding such conveyance. From an adverse judgment, she appeals.

The primary and principal questions are (a) whether the conveyance was fraudulent, and (b) was appellant's cause of action barred by the statute of limitations. The former question requires an affirmative answer, the latter a negative answer. The appellant and Padilla were married in 1934. In 1942, they acquired as community property a lot at 115 Jimenez Street in Santa Fe, upon which they constructed a dwelling house. In February, 1955, Padilla employed an attorney, Marcelino P. Gutierrez, to obtain a divorce for him. At the request of Gutierrez appellant went to his office where she executed three documents, an appearance and waiver in the divorce action; a warranty deed to Padilla of the Jimenez Street property, both dated February 11, 1955; and an agreement of the spouses not to bother one another, dated February 12, 1955. The complaint filed February 12, 1955 alleged that "the parties have not acquired any community property

for distribution in this cause." The decree entered March 25, 1955 contains the same recital.

The trial court found that the lot in question was community property and that appellant did not have independent legal counsel when she executed the deed, but further found:

"4. In February, 1955, the plaintiff knew that she had certain community property rights in the house and lot at 115 Jimenez, Santa Fe, New Mexico, and she asserted same to the late Bernardo Padilla.

"5. Plaintiff failed to assert her rights by suit until ten years and one month after her execution of the warranty deed conveying the house and lot known as 115 Jimenez Street, Santa Fe, New Mexico, and she is guilty of laches.

\*     \*     \*     \*     \*     \*

"7. Plaintiff failed to produce the corroborating evidence required by Section 20–2–5, N.M.S.A., 1953 Compilation (pocket supplement).

"8. Bernardo Padilla, deceased, and his successors have paid all taxes on the house and lot known as 115 Jimenez Street, Santa Fe, New Mexico, and their possession thereof has been open, hostile, exculsive, continuous, adverse, notorious, in good faith, peaceable and under color of title since February, 1955.

"9. Plaintiff has failed to prove fraud by clear and convincing evidence."

The court then concluded that the action was a collateral attack upon the final decree in the divorce action, and that appellant's action was barred by her laches and by the statute of limitations.

It is obvious that neither the property rights of the parties nor the validity of the conveyance of the property was litigated in the divorce proceeding. Consequently, the divorce decree is not a bar to the wife's independent action to set aside the conveyance. Hollingsworth v. Hicks, 57 N.M. 336, 258 P.2d 724; Cornell v. Cor-

nell, 57 N.M. 170, 256 P.2d 534. See, also, Sidebotham v. Robison, 216 F.2d 816 (9th Cir. 1954), and Sande v. Sande, 83 Idaho 233, 360 P.2d 998.

Where one party secures an advantage over the other in a fidiciary relationship such as shown here, the transaction is presumptively fraudulent. Beals v. Ares, 25 N.M. 459, 185 P. 780. See, also, Curtis v. Curtis, 56 N.M. 695, 248 P.2d 683. The husband was the moving party; the appellant was unable to read or write English; she had no independent counsel; and the husband threatened to kill her if she ever came upon the premises. We think it is clear that the husband had and took an advantage in the matters surrounding the conveyance of the property to him.

The burden was on appellees to overcome the presumption of fraud. They were required to show (a) payment of an adequate consideration; (b) full disclosure to the wife as to her rights and the value and extent of the community property; and (c) that the wife had competent and independent advice in conferring the benefits upon her husband. Beals v. Ares, supra. The appellees have failed to overcome this burden. As to element (a), the testimony of both appellant and Gutierrez failed to show that any consideration had passed to appellant for the conveyance of the community property. As to element (b), Gutierrez testified that he had been informed by Padilla that the property was purchased with separate funds, and Gutierrez repeated that information to appellant. This reveals an apparent conscious effort of the husband to conceal the status and full value of the community property.

It is the appellees' contention, however, that even if appellant's interest had been acquired by the fraud of Padilla, she was divested of title by adverse possession and is barred from maintaining the action by laches and the four year statute of limitations. We find this contention without merit.

The applicable adverse possession statute, § 23–1–22, N.M.S.A.1953, requires that one "shall have had adverse possession continuously and in good faith under color of title for a period of ten (10) years." Failure of the appellees to overcome the presumption of fraud in acquiring the title prevents them from meeting the "good faith" requirement of the statute. Apodaca v. Hernandez, 61 N.M. 449, 302 P. 2d 177; Thurmond v. Espalin, 50 N.M. 109, 171 P.2d 325. See, also, Palmer v. Denver & Rio Grande Western Railroad Co., 75 N.M. 737, 410 P.2d 956. Adverse possession is defined in the statute as being "an actual and visible appropriation of the land, commenced and continued under a color of title and claim of right inconsistent with and hostile to the claim of another."

Appellees seek to invoke the four-year statute of limitations, § 23–1–4, N.M. S.A.1953, as a bar to the relief sought. That statute has reference to actions brought for relief on the ground of fraud. In Lotspeich v. Dean, 53 N.M. 488, 211 P.2d 979, we said:

"* * * This statute has application to the ordinary action based upon fraud, such as suits to rescind contracts brought about by false representations of the defendant. It has no application to suits of this kind, in which the fraud charged was a collateral matter. * * *"

Here, because of the relationship of husband and wife, a presumption is raised against the validity of the transaction in which the wife did not have competent and independent legal advice in conferring benefits upon the husband. Primus v. Clark, 48 N.M. 240, 149 P.2d 535; Beals v. Ares, supra. Where such a fiduciary relationship exists, 3 Pomeroy, Equity Jurisprudence, § 956, states the rule thusly:

"* * * We are now to view fiduciary relations under an entirely different aspect; there is no intentional concealment, no misrepresentation, no actual fraud. The doctrine to be examined aris-

es from the very conception and existence of a fiduciary relation. While equity does not deny the possibility of valid transactions between the two parties, yet because every fiduciary relation implies a condition of superiority held by one of the parties over the other, in every transaction between them by which the superior party obtains a possible benefit, equity raises a presumption against its validity, and casts upon that party the burden of proving affirmatively its compliance with equitable requisites, and of thereby overcoming the presumption."

Thus, under the circumstances here, fraud is only an incident to the cause of action. In such case, the statute is not applicable.

██ Laches is an equitable defense and, unlike limitations, is not necessarily a matter of time, but is a question of the inequity of permitting the claim to be enforced. Algodones Land & Town Co. v. Frank, 21 N.M. 82, 153 P. 1032; Yates v. American Republics Corp., 163 F.2d 178 (10th Cir. 1947); and Sidebotham v. Robison, supra. No inequities caused by any delay of appellant are shown in the record.

Appellees contend that appellant is barred by failure to request a finding attacking the divorce decree, or a conclusion that the doctrine of res judicata or estoppel by judgment was not applicable. We find the contention without merit. The divorce decree made no determination concerning the property of the parties.

Appellees complain that appellant failed to request findings of constructive fraud. This contention is answered by pointing out that appellant requested findings of a number of facts which are those necessary for the application of the doctrine announced in Beals v. Ares, supra, which were denied by the court.

██ The appellees claim that appellant failed to request findings that there was corroboration of her testimony under the so-called Dead Man Statute, § 20–2–5, N.M.S.A.1953. Such request was not essen-tial as the conveyance to Padilla is admitted. As to the facts not admitted by appellees, there was sufficient corroboration to raise the presumption of fraud.

Appellees argue that appellant failed to request findings in opposition to the court's finding of adverse possession. On the contrary, appellant did request findings that there was never an ouster of her by Padilla and that the property remained in community, which findings were refused.

Appellees finally assert that appellant failed to request a finding in opposition to the finding of laches. Appellant, however, did request a conclusion of law that she was not barred by laches, and ties such conclusion to her requested conclusion of cotenancy.

The judgment should be reversed and remanded to the district court with directions to set aside the deed in question.

It is so ordered.

CHAVEZ, C. J., NOBLE, J., and ARMIJO, J., Ct.App. concur.

MOISE, J., dissented.

MOISE, Justice (dissenting).

In my view the majority have fallen into error in their conclusion that the statute of limitations does not apply in this case. They hold, if I understand the opinion correctly, that the four-year statute of limitations, applicable to actions seeking relief on the ground of fraud (§ 23–1–4, N.M. S.A.1953), may not be invoked when the action is between husband and wife. They do this by asserting that fraud is only incidental or collateral to the cause of action, and cite and quote from Lotspeich v. Dean, 53 N.M. 488, 211 P.2d 979 (1949). However, that case merely held that no title could pass by a forged deed, and that failure to sue and assert fraud within the statutory four-year period could not result in making the void deed effective to pass title. The fraud was clearly only incidental. Here, the question arises not because the

deed was void but, rather, out of the conduct of the grantee—admittedly fraudulent. I cannot agree that the fraud was collateral, and do not think Lotspeich v. Dean, supra, is applicable.

We have a situation here where the husband-grantee's conduct was presumptively fraudulent, as held in Beals v. Ares, 25 N.M. 459, 185 P. 780 (1919). The relief sought by the wife in this action is a declaration that the deed executed by her conveying her interest in the property to her husband should be cancelled and set aside because she did not have independent legal advice. The conduct of the husband in having her execute the deed without such assistance is what is held in Beals v. Ares, supra, to be constructively fraudulent. It is this method of dealing which is the basis for the attack on the deed. The action is one based entirely on fraud—constructive, true—but fraud, nevertheless. Indeed, the majority recognize it when they say, *"The primary and principal questions are (a) whether the conveyance was fraudulent,* and (b) was appellant's cause of action barred by the statute of limitations." How does the later statement that "fraud is only an incident to the cause of action" coincide with this? How can it be only an incident and still be the principal question? I submit that it cannot be and, further, that it *is* the principal question.

As I read the opinion of the majority, the rationale is something like this: The fraud is only incidental to the action and accordingly the statute of limitations for fraud is not applicable. Since the statute is not applicable, the fraud may be established even though more than four years have passed, and thus furnish the principal grounds to set aside the deed.

In Beals v. Ares, supra, this court noted that in California the husband is in the position of a trustee and the wife that of a beneficiary, and stated that such was the relationship of the parties when dealing with each other. This being true, it seems to me that the decisions of this court in

Reagan v. Brown, 59 N.M. 423, 285 P.2d 789 (1955) and Patterson v. Hewitt, 11 N.M. 1, 66 P. 552, 55 L.R.A. 658 (1901), aff'd 195 U.S. 309, 25 S.Ct. 35, 49 L.Ed. 214 (1904), are decisive of the issue here. In Reagan v. Brown, supra, after setting forth § 23–1–4, supra, the court also quoted § 23–1–18, N.M.S.A. 1953, which reads:

"None of the provisions of this chapter shall run against causes of actions originating in or arising out of trusts, when the defendant has fraudulently concealed the cause of action, or the existence thereof from the party entitled or having the right thereto."

The court stated that while a son, who by operation of law inherited from his mother when she died intestate as the result of his criminal act in murdering her, might be considered to be a constructive trustee, in the particular case the statute of limitations had run and, accordingly, such a holding was not possible. I quote the language of the court:

"Although these two sections [23–1–40 and 23–1–18] have been in effect since their adoption in 1880, we appear to have but one case where the question whether they applied to trusts was decided, that of Patterson v. Hewitt, 1901, 11 N.M. 1, 66 P. 552, 55 L.R.A. 658, affirmed, 1904, 195 U.S. 309, 25 S.Ct. 35, 49 L.Ed. 214. This Court said, at pages 39, 40, of 11 N.M., at page 564 of 66 P.:

" '* * * It cannot well be said that this section [23–1–4, supra] is alone applicable to actions at law, so as to exclude agreements establishing trusts relations cognizable in courts of equity and it would seem that the section was intended to be broad enough to include equitable actions, for the reason that another provision applies the same limitations to actions for relief upon the ground of fraud, which is a recognized basis for the exercise of equitable jurisdiction.

\* \* \* \* \* \*

" 'This section [23–1–18, supra] does not apply, of course, to all trusts, but it is applicable directly, to trusts other than those where the defendant has "fraudulently concealed the cause of action, or the existence thereof, from the party entitled or having the right thereto." There is no attempt in this case to show that there was any fraudulent concealment of the cause of action, or the existence thereof, from the appellants. \* \* \*'

"It is true the Court was there considering an express trust, but we think its statement in the second paragraph above was sound. If it was not intended that actions on constructive trusts should be included within the all-inclusive words, 'and all other actions not herein otherwise provided for and specified within four (4) years', of § 23–1–4, then why have we § 23–1–18 that the provisions should not run against causes of action originating in or arising out of trusts when the defendant has fraudulently concealed the cause of action, or the existence thereof, from the party entitled or having the right thereto? The question answers itself and we are unable to agree with plaintiff's argument that we do not have a statute of limitations on trusts."

Primus v. Clark, 48 N.M. 240, 149 P.2d 535 (1944), is relied on by the majority. In that case the court did not decide if the statute of limitations applicable to fraud actions was controlling in courts of equity, but remanded the case to the trial court with a direction that after hearing evidence it should determine if the cause of action was barred by the statute of limitations, or

whether plaintiff was otherwise estopped by her laches.

In the instant case if the statute of limitations is applicable, as I believe it is, the only proof whereby its effect might be avoided is found in certain testimony to the effect that the husband had threatened the wife with death if she asserted any claim to the property. Even though no avoidance is pleaded, we assume that this proof might support a finding of duress. However, during what period did it exist, and when did it cease? In my view, the burden was on the wife to plead and prove grounds for avoidance of the statute of limitations. She should establish facts out of which the duress arose, Shultz v. Ramey, 64 N.M. 366, 328 P.2d 937 (1964), and also that the duress continued to a time within the period of limitations. See Pacheco v. Fresquez, 49 N.M. 373, 380, 164 P.2d 579 (1946); Beck v. Searson, 29 S.C.Eq. (8 Rich.Eq.) 130 (1856); Little v. Bank of Wadesboro, 187 N.C. 1, 121 S.E. 185 (1924); Annot., 121 A.L.R. 1294, 1296 (1939).

The opinion of the majority contains other misconceptions and misapplications of law, but the foregoing discussion points up my principal objections. Accordingly, I will not further extend this dissent.

Since the trial court concluded that the action was barred by the statute of limitations, which I believe was applicable, and made no finding of fact whereby the operation of the statute could be avoided, which was indeed proper because of the absence of proof, it is my conclusion that the decision should be affirmed. The majority having concluded otherwise, I respectfully dissent.