This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39594**

**KATHLEEN EDNA LYMAN a/k/a
KATHLEEN EDNA MCKINLEY,**

　　　　Petitioner-Appellee,

v.

**GARY ALAN LYMAN,**

　　　　Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY
Sylvia F. LaMar, District Judge**

Yvonne K. Quintana
Espanola, NM

for Appellee

Gary Alan Lyman
Cebolla, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Respondent, who is self-represented, appeals from a final decree of divorce and division of community property. We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition, and Petitioner has filed a memorandum in support. We affirm

**{2}** On appeal, Respondent has raised eight issues that we have consolidated as a challenge to the district court's determination that the property that he and Petitioner lived on (the Cebolla property) should be treated as community property.

**{3}**     The district court entered detailed findings of fact and conclusions of law in support of its judgment, which we summarize as follows. [RP 301] The parties were married in 1998, and purchased the Cebolla property in 2003. [RP 301] They quitclaimed the Cebolla property to a religious trust. [RP 301] Amy Hurd, a realty agent involved in the parties' purchased of the Cebolla property, testified that they paid in cash and silver coin. [RP 302] She testified that the parties did not have social security numbers or driver's licenses, and that she agreed to title the property in the name of the trust. [RP 302] Respondent listed the property for sale in 2018. [RP 303] The district court found that Respondent used the trust to hide assets, and rejected his claim that he had no assets. [RP 303] Instead, the district court concluded that the Cebolla property was a community asset, and that any separate property that may have been used for its purchase cannot be traced. [RP 305]

**{4}**     As we observed in our calendar notice, property acquired by either or both parties during their marriage is presumptively community property, a presumption that is subject to being rebutted by a preponderance of the evidence. *See Stroshine v. Stroshine*, 1982-NMSC-113, ¶ 4, 98 N.M. 742, 652 P.2d 1193; *see also* NMSA 1978, § 40-3-12 (1973). In order to overcome the presumption of community property, separate property must be traceable and it cannot be so intermingled with community property that it cannot be identified. *Mitchell v. Mitchell*, 1986-NMCA- 028, ¶ 27, 104 N.M. 205, 719 P.2d 432. Because Respondent had the burden to show that the Cebolla property was not a community asset, we will affirm if it was rational for the fact-finder to disbelieve Respondent's evidence. *See Lopez v. Adams*, 1993-NMCA-150, ¶ 2, 116 N.M. 757, 867 P.2d 427.

**{5}**     The district court found that there was no evidence presented that the purchase money for the Cebolla property was not community property, and, noting that Respondent had the burden of proof to establish the separate nature of any assets or funds he claimed as separate property, found that the separate and community funds cannot be traced and have been comingled. [RP 303, 304] Based on these findings, we conclude that it was rational for the district court to rule that Respondent had not met his burden of presenting evidence to rebut the community property presumption.  As noted, the property was purchased with untraceable funds, and Petitioner testified that the parties purchased the property together. [RP 303] Notwithstanding Respondent's protestations about the separate property origin of the purchase money, the weight of the evidence was a matter for the district court, sitting as factfinder, to resolve. *See Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses").

**{6}**     Likewise, while Respondent argues that the property was held by a religious trust, he presented no evidence that the trust was recognized by either the state or the federal government in a manner that would bind the district court to its validity for purposes of overcoming the presumption that the property is a community asset.  [RP 304] The court further found that the trust is merely an extension of Respondent's

efforts to avoid taxes on community assets. [RP 305] Although Respondent argues that the parties never took title, and that all property had been transferred to the religious trust [MIO 4], the court concluded that Respondent had "committed fraud upon the community by his actions to hide the community ownership and community investment of income and labor in the real property by titling it in the name of his alias." [RP 306]*See Trujillo v. Padilla*, 1968-NMSC-090, ¶ 6, 79 N.M. 245, 442 P.2d 203. We likewise reject Respondent's claim that Petitioner should be barred from raising the issue, either on the statute of limitations grounds or estoppel grounds, because the community property issue did not become ripe until the parties filed for divorce. Finally, we do not believe that Ms. Hurd had to qualify as an expert, since she was testifying based on her own observations of the circumstances of the purchase of the 2003 property. *See* Rule 11-602 NMRA; Rule 11-701 NMRA.

**{7}**     For the reasons set forth above, we affirm.

**{8}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**