[No. 2541. Jan. 5, 1922.]

TIMM et al. v. WHITE et al.

[Rehearing Denied April 26, 1922.]

### SYLLABUS BY THE COURT

(1) The action of the trial court on the merits cannot be reviewed, where the bill of exceptions has been stricken.
P. 60

(2) Complaint and proof **held** to warrant judgment for damages.                                   P. 60

(3) Under facts stated, **held** that plaintiffs were real parties in interest.                          P. 61

Appeal from District Court, De Baca County; Brice, Judge.

Suit by H. F. Timm and another against John F. White and others. From a decree refusing to cancel oil leases but giving a judgment against the defendant White, the plaintiffs appeal, and the defendant White also appeals. Judgment affirmed as to all parties.

F. Faircloth, of Santa Rosa, and Patton & Hatch, of Clovis, for appellants.

Chas. F. Fishback and Harold N. Nuzum, both of Ft. Sumner, for appellees.

### OPINION OF THE COURT

DAVIS, J. The purpose of this suit was to cancel two oil leases executed by H. F. Timm and wife upon 320 acres of land in Guadalupe county. The name of John F. White appeared as original lessee—Earickson, Awalt, and Glen are his assignees. The theory of the complaint was that the leases were made to the Carter Oil Company, and that John F. White without authority altered the leases by substituting his own name as lessee in place of the company's. The court found that the leases were executed with the name of the lessee not stated, but left in blank, under the agreement with

White that the lessee should be the Carter Oil Company but that White, to whom the incomplete leases were delivered wrote in his own name as lessee, contrary to the understanding. It further found that the assignees Earickson, Awalt, and Glen purchased the leases for a valuable consideration, and had no knowledge of the manner in which they were acquired. A decree was entered, refusing to cancel the leases as against the bona fide holders, but giving judgment against White for $500 damages.

[1] H. F. Timm and Pat Timm, plaintiffs below, appealed from the refusal of the court to cancel the leases. Upon their appeal the bill of exceptions was stricken from the record, because it failed to show the giving of the statutory notice to appellee of its settling and signing. The evidence in the case, therefore, not being before us, we are unable to review the action of the court in refusing cancellation of the leases, and the judgment in this respect must be affirmed for this reason. First National Bank v. Staley, 26 N. M. 650, 195 Pac. 514.

[2] John F. White appealed from the decree in so far as it gave judgment against him for damages, and in this respect the bill of exceptions is before us. The assignments of error, as summarized in appellant's brief are that there was no sufficient allegation in the complaint or proof on the trial as to damages, and that plaintiffs were not the real parties in interest.

The complaint alleged that the leases, which the district court found to be fraudulent, clouded the title to the land, and hindered, delayed, and prevented the securing of the benefits of the oil and gas rights, and that the damage so resulting was the sum of $500. Judgment for that amount was asked. The assignment of error based upon the lack of such allegations is therefore not sustained by the facts.

One of the plaintiffs testified that, owing to the re-

cording of the leases in which White's name appeared as lessee, he had not been able to make other leases and get the full rental values. He also testified that the rental value was from $2 to $5 an acre, $2 an acre at least. Objections was made that the witness was not qualified as to values, and when his attorney was proceeding to qualify him in this respect the further objection was made that, "The lease in evidence shows what he considered the rental value at the time it was made." The question was then asked; "That is $2 per acre, is it?" which was answered, "Yes, sir." Since the leases covered 320 acres, a rental value of $2 an acre would more than justify $500 damages allowed by the court.

[3] The contention that plaintiffs below were not the real parties in interest is based upon the fact that after the making of the leases which plaintiffs sought to cancel in this proceeding they executed another upon the same property to another lessee. Appellant argues that this lessee, not appellees, is the real party in interest, on the theory that the cancellation of the prior leases would be for its benefit, not for the benefit of appellees. We cannot follow this argument. The feature of the judgment now under consideration, and the only portion appealed from by appellant White, is the awarding of damages against him. This award is in favor of H. F. Timm and Pat Timm. The subsequent lessee can obtain no portion of it, and is not concerned with it. Since they were plaintiffs below, demanded the damages in their complaint, obtained judgment in their favor, and will receive the money when collected, we are unable to comprehend an argument that they are not the real parties in interest.

For the reasons stated, the judgment will be affirmed as to all the parties, and, it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.