(No. 2272.    April 11, 1923.)

OJO DEL ESPIRITU SANTO CO. v. BACA

### SYLLABUS BY THE COURT

(1) A motion for a new trial. in a case tried before a jury, must be filed during the term of court at which the case is tried, and within 10 days after the rendition of the verdict. A motion, which is filed more than 10 days after the rendition of the verdict, is not well taken.    P. 517

(2) A motion to affirm should be sustained, where the bills of exceptions have been previously stricken, and when no error appears from the record proper.    P. 517

Appeal from District Court, Santa Fe County; Holloman, Judge.

On motion for affirmance of judgment below. Motion sustained.

A. B. Renehan, of Santa Fe, and Marron & Wood, of Albuquerque, for appellant.
Catron & Catron, of Santa Fe, for appellee.

### OPINION OF THE COURT.

BRATTON, J. [1] This case has been before the court on several occasions upon procedural matters, with the result that the bills of exceptions and the instructions of the court to the jury have been stricken from the record. The case comes on now upon a motion of appellee for the affirmance of the judgment below, upon the ground that all of the assignments of error present questions which could only be determined and considered by having recourse to the bills of exceptions and the instructions. It appears from the record that the verdict of the jury was rendered on November 9, 1917. No motion for a new trial was filed until December 3, 1917. This motion, having been filed more than ten days after the rendition of the verdict, did not comply with the provisions of chapter 42, Laws of 1917, which expressly requires that motions for new trials in cases tried by juries, shall be filed during the term of court at which the case is tried and within 10 days after the rendition of the verdict. Not having been seasonably filed, such motion was necessariy not well taken.

On January 2, 1918, a motion was filed to set aside the verdict and to grant a new trial, which motion was on the same day overruled by the court upon the ground that the allegations therein were untrue and that the motion was not filed in time.

[2] Counsel for appellant conceded that the motion to affirm the judgment should be sustained, unless the denial of the motion for a new trial, and the refusal of the trial court in connection with that motion to state the facts which did occur in connection with

an irregular visit and communication by the trial judge with the jury, sufficiently appear in the record.   How it can be said that any of the matters complained of now appear in the record, after the bills of exceptions have been stricken out, we are unable to understand. In support of the second motion for a new trial, it is true, the affidavit of counsel was attached, showing irregularities in the conduct of the judge in communicating with the jury.   But the court, in passing upon this motion and the application for a bill of exceptions stating the facts complained of, expressly finds that the facts stated in the affidavit are untrue.   There is no way for this court, under these circumstances, to do anything except to accept the statement and finding of the trial court.   It seems clear that there is nothing before the court except the bald record proper, which, upon its face, shows no error in the trial below.

It follows that the motion to affirm the judgment should be sustained, and the judgment should be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.