**264 P.2d 673**

### MITCHELL v. MITCHELL.
No. 5651.

Supreme Court of New Mexico.

Dec. 10, 1953.

O. O. Askren, Roswell, for appellant.

H. E. Blattman, Las Vegas, for appellee.

COMPTON, Justice.

This action was instituted by appellee for divorce, division of community property, costs and attorney fees. Issue was joined by certain denials and admissions. The cause was tried to the court and at the conclusion of the hearing the issues were found in favor of appellee, granting her a divorce and awarding her a lump sum of $1,500 as alimony. Judgment was entered accordingly and appellant appeals.

■ Previously, the cause was before us and in sustaining appellee's motion, the bill of exceptions was stricken from the record because appellee was not given the statutory notice of its settling and signing as required by § 19–201, 1941 Comp., Rule 13(4), Supreme Court Rules. Consequently, all that is left for review is the record proper.

■ Asserted as error are various rulings by the trial court; particularly in awarding alimony when none was asked for in the pleadings. Ordinarily, alimony is an incident of divorce proceedings, but the failure to make a request therefor in the pleadings cannot be construed as to deny the trial court statutory authority, § 25–705 and § 25–716, 1941 Comp. (1951 Supp.), to make an award of alimony. The rules applicable to pleadings in a divorce case differ in some respects from those applicable in other cases. Under similar statutes of other states, it has been held that a decree for permanent alimony may be entered in a divorce suit, although not prayed for either in the original notice or in the petition. Hopping v. Hopping, 233 Iowa 993, 10 N.W.2d 87, 152 A.L.R. 436, and annotations.

■ The action of the trial court with regard to whether there is evidence to sup-

port the findings cannot be reviewed since this question relates to matters in the bill of exceptions which is not before us. First National Bank of Albuquerque v. Staley, 26 N.M. 650, 195 P. 514; Timm v. White, 28 N.M. 59, 205 P. 896; Ojo Del Espiritu Santo Co. v. Baca, 28 N.M. 516, 214 P. 771; Bagnall v. Orell, 29 N.M. 398, 222 P. 934.

The record proper is free from error and the judgment will be affirmed.

It is so ordered.

SADLER, C. J., and McGHEE, LU-JAN and SEYMOUR, JJ., concur.