GERTRUDE POWELL, APPELLEE, V. A. VAN DONSELAAR, APPELLANT.

75 N. W. 2d 105

Filed February 24, 1956. No. 33902.

D. *Van Donselaar*, for appellant.

*Leamer & Graham*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The action here is a supplemental step in an action in equity wherein the plaintiff and appellee claimed that the defendant and appellant committed a trespass upon property of plaintiff and as an act of trespass thereon removed a fence. That action was tried and a decree was rendered favorable to plaintiff. The decree provided that the defendant should replace the fence within 60 days and that for failure so to do the plaintiff should have judgment against the defendant for $75. An appeal was taken therefrom to this court which appeal was dismissed. Powell v. Van Donselaar, 160 Neb. 21, 68 N. W. 2d 894.

After the appeal was dismissed the plaintiff filed a motion in the action in the district court wherein it was alleged that the fence had not been replaced. By the motion a judgment for $75 was prayed.

To the motion the defendant filed an answer and resistance in which he alleged, to the extent necessary to state here, that he entered into an oral agreement with plaintiff to erect a fence other and different from

the kind provided for in the decree, that he performed the agreement, and that the plaintiff accepted that performance in full satisfaction of the decree.

The matter came on for hearing on the motion and answer and resistance on August 17, 1955. The first step taken was an oral motion by plaintiff to strike the defense of the oral agreement and performance thereof in satisfaction of the decree. This motion and a ruling sustaining it appear in the bill of exceptions. A formal order was also entered sustaining it. The formal order discloses that it was sustained on the ground that the oral agreement was not available as a defense since it was violative of Rule U-XVI of the district court, as follows: "All stipulations and private agreements of counsel or of the parties to a suit, unless made in open court during trial, must be reduced to writing and signed by the parties or their attorneys making the same or they will not be recognized."

The plaintiff was called as a witness on her own behalf. She was called upon to and testified only that the defendant had not replaced the fence as called for in the decree.

On cross-examination she testified that there had been a rotten fence built. The defendant made an effort on cross-examination to elicit from this witness information as to the alleged oral agreement and performance thereunder by the defendant but to all of these efforts objections were made, which were sustained by the court.

In his turn, on defense, the defendant called witnesses by whom he attempted, by appropriate questions, to prove the agreement and performance thereunder. All such questions were objected to and the objections sustained. Offers were made to which objections were also sustained.

All of this came about because of the theory that the alleged agreement and performance thereunder was not provable as a defense to the plaintiff's motion for judg-

ment for the reason that the agreement relating to satisfaction of the decree was not in writing.

At the conclusion of the hearing judgment was rendered in favor of the plaintiff and against the defendant for $75 and costs. From this judgment the defendant has appealed.

The assignments of error asserted as grounds for reversal are numerous but in actuality the only question for consideration on this appeal is that of whether or not the defendant had the right to have considered at the hearing on plaintiff's motion for judgment his defense that the original decree was satisfied by the alleged oral agreement and his evidence in support of it.

The defendant had the right to set up the defense which he interposed and to have his evidence in support of it considered. Of this there can be no serious doubt. The general aspect of a decree or judgment represents a right on the one hand and an obligation to respond on the other. Responses may be made agreeable to the terms of the decree or judgment but this is not exclusive. If the holder of the right is willing to and does accept something different he may do so. No contrary rule of law or equity has been cited.

It is well established by reported cases in numerous jurisdictions that a judgment debtor or debtor under a decree in equity may satisfy the obligation of such judgment or decree by performance of an agreement to satisfy in some manner other than that provided for by the judgment or decree. See 49 C. J. S., Judgments, § 565, p. 1040.

The contention that the defendant is barred by the rule of court which has been cited to assert his defense is not supported by any cases. We think there are none. Of course district courts have the right to adopt within proper limits rules affecting procedures but that power may not be exercised in such manner as to arbitrarily, as here, deprive litigants of the right to have judicially determined substantial and substantive rights.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.