445 P.2d 97

Frances Head ZARGES, Plaintiff-Appellee,

v.

Henry W. ZARGES, Defendant-Appellant.

No. 8551.

Supreme Court of New Mexico.

Sept. 16, 1968.

Wright & Kastler, Raton, for appellant.

E. Forrest Sanders, Privette & Privette, Las Cruces, for appellee.

## OPINION

MOISE, Justice.

In April, 1965, plaintiff-appellee filed an action seeking a divorce and custody and support of a minor child. Paragraph 5 of the complaint stated, "That Plaintiff and Defendant own real and personal property as community and have agreed between themselves as to its distribution." A decree of divorce was duly entered which provided for custody and support of the minor child of the parties and, concerning the property, contained a statement similar to the quoted language of the complaint.

Some twenty months later, plaintiff filed a petition in the same action seeking ad-

judication that defendant was in contempt of court for failing to pay child support as ordered, and also seeking a division of community property and an accounting from defendant. Certain property is set forth and alleged to be community property, and it is stated, "that no agreement as to a fair, just and equitable division of said property was made by said Final Decree of Divorce or otherwise," and that such a division should be made by the court.

Upon the filing of the petition, an order to show cause was issued and a hearing had without objection by defendant-appellant, who was represented by counsel, at which the court found defendant in contempt for failure to make the child support payments and, in addition, determined that plaintiff had not received her one-half of the community property, and the court then proceeded to divide the property between the parties.

Defendant has appealed from this order asserting as his single point that the court was without jurisdiction to consider and rule upon the property rights of the parties. It is his position that the divorce decree, wherein it was stated that the parties had agreed upon the distribution of the community property, became final thirty days after its entry (§ 21–9–1, N.M.S.A.1953) and that thereafter the court was without jurisdiction to consider property rights in that action. Reliance is placed upon the rule stated in Caudill v. Caudill, 39 N.M. 248, 44 P.2d 724 (1935) to the effect that a judgment not void or irregular and free from fraud, rendered after due hearing, cannot be reviewed or reversed by the court which decided it, unless proceedings are begun therefor within thirty days after its entry. That was a case wherein, by a so-called bill of review, a party sought because of alleged fraud to overturn a judgment entered some fourteen years before wherein the rights of the parties to a piece of property were determined. The proceeding under attack was not a divorce case. Neither was the attack the same as that here asserted.

Defendant further asserts that the petition was not filed under Rule 60 (§ 21–1–1 (60), N.M.S.A.1953) of Rules of Civil Procedure. It is defendant's position that since the petition was too late under § 21–9–1, supra, and was not filed under Rule 60, there was a total absence of jurisdiction in the trial court to hear and determine property rights of the parties in show cause proceedings in the divorce action.

Defendant concedes that a separate suit could have been filed under § 22–7–22, N.M.S.A.1953, which provides that where property rights are not adjudicated between husband and wife in a divorce proceeding, either of them may thereafter institute and prosecute a suit for this purpose. See Beals v. Ares, 25 N.M. 459, 185 P. 780 (1919); Cornell v. Cornell, 57 N.M. 170, 256 P.2d 534 (1953). Indeed, insofar as property rights were considered and an agreement covering them ratified and approved by the court in the divorce decree, probably no change therein could be accomplished in supplemental proceedings in the same case. See Scanlon v. Scanlon, 60 N.M. 43, 287 P.2d 238 (1955); Cornell v. Cornell, supra.

How does the present case fit into the rules set forth above? As we view the situation, plaintiff could have sought a division of the property of the parties in the divorce case (§ 22–7–3, N.M.S.A.1953), but not having done so, and the court not having considered the issue of the property, there had been no adjudication thereon. Beals v. Ares, supra; Trujillo v. Padilla, 79 N.M. 245, 442 P.2d 203 (1968). Compare Cornell v. Cornell, supra. As already noted, there can be no question that where property rights are not considered or disposed of in the divorce action, a suit seeking division and distribution of the property may be subsequently prosecuted. § 22–7–22, supra. Neither is there any question that a court having jurisdiction of a divorce proceeding has continuing jurisdiction to modify and enforce its decrees, as provided in § 22–7–6, N.M.S.A.1953. Scanlon v. Scanlon, supra.

■ In the divorce proceeding here, the court was neither requested nor did it pass upon any question of the property rights of the parties. Neither can the action of the trial court be supported as an exercise of its continuing jurisdiction under § 22–7–6, supra. This is true notwithstanding its order was entered at the same time it properly considered the question of defendant's contempt for failure to pay amounts ordered to be paid as child support money. Compare Mitchell v. Mitchell, 57 N.M. 776, 264 P.2d 673 (1953).

To resolve the problem presented we must determine if the proceedings here may be considered to be an action for division and distribution of property after divorce, as provided in § 22–7–22, supra.

As already noted, the divorce case had been concluded, and no jurisdiction remained in the trial court except as provided in § 22–7–6, supra. That the effect sought was that provided in § 22–7–22, supra, cannot be doubted. However, we are constrained to hold that the requirements of law incident to commencement of an action seeking relief cannot be disregarded.

■■ To file a civil action, a complaint must be filed with a court. Rule 3, Rules of Civil Procedure (§ 21–1–1(3), N.M.S.A. 1953). A docket fee as provided by § 16–3–53, must be paid for filing a case. In Riggs v. Moise, 344 Mo. 177, 183, 128 S.W. 2d 632, 635 (1939), it is stated that a court "can acquire jurisdiction in the concrete in a particular instance only when it is presented to the court as prescribed by law." The same rule is stated in State ex rel. Houser v. Goodman, 406 S.W.2d 121, 126 (Mo.App.1966), in the following language:

"With few exceptions, the forte of any court is to relegate itself to limbo until presented proper pleadings to be employed as vehicles for judicial locomotion. Even in matters over which a court has general jurisdiction, it cannot, ex mero motu, set itself in motion nor have power to determine questions unless they are presented to it in the manner and form pre-scribed by law. Jurisdiction to decide concrete issues in a particular case is limited to those presented by the parties in their pleadings, and anything beyond is coram non judice and void. * * *"

Also see, 20 Am.Jur.2d Courts, § 94, at 455, where the following is stated:

"The general rule is that a court cannot undertake to adjudicate a controversy on its own motion; it can do this only when the controversy is presented to it by a party, and only if it is presented to it in the form of a proper pleading. A court has no power either to investigate facts or to initiate proceedings. Before it may act there must be some appropriate application invoking the judicial power of the court in respect to the matter sought to be litigated. Where a statute prescribes a mode of acquiring jurisdiction, that mode must be followed or the proceedings and resulting judgment will be null and void and the judgment subject to collateral attack."

The instant case presents a situation where the trial court had exhausted its jurisdiction, and appellee thereafter undertook, in effect, to breathe new life into it. No statute or rule permits of such procedure. Upon the entry of the decree in the divorce action and the passage of time provided for appeal therefrom or to reopen the same, it was final and nothing further could be done in the case beyond the specifically limited continuing power provided in § 22–7–6, supra. Compare Quintana v. Vigil, 46 N.M. 200, 125 P.2d 711 (1942); Young v. Vail, 29 N.M. 324, 222 P. 912, 34 A.L.R. 980 (1924); Iveson v. Second Judicial District Court, 66 Nev. 145, 206 P.2d 755 (1949); In re Estate of Edinger, 136 N.W. 2d 114 (N.D.1965); Holton v. Holton, 64 Or. 290, 129 P. 532, 48 L.R.A.,N.S., 779 (1913); In re Citizens' State Bank of Gillett, 207 Wis. 434, 241 N.W. 339 (1932).

Any contrary or different ruling would require that we either relax our holdings concerning termination of jurisdiction of a trial court upon disposition of a case, or that we disregard the rules and statutes ap-

plicable to commencement of actions. We conclude that we should do neither.

Our only hesitancy arises from the fact that when cited to show cause defendant did not question the jurisdiction of the court or its right to proceed to determine the property rights of the parties. After thus permitting the issue to be submitted to the court without objection and upon learning of the court's decision, it is now claimed in this court that the proceedings were a nullity. Under ordinary circumstances a party is not permitted to take a position in the court below and, thereafter, to take a contrary position on appeal. However, the rule is otherwise when jurisdiction is involved. In Martinez v. Research Park, Inc., 75 N.M. 672, 679, 410 P.2d 200, 205 (1965), we said, "Jurisdiction of the subject matter cannot be conferred by consent, much less can it be waived." In Grubb v. Public Utilities Commission, 281 U.S. 470, 475, 50 S.Ct. 374, 377, 74 L.Ed. 972, 977 (1930), the court said:

"* * * But the appellant does question that it had jurisdiction of the subject-matter; and this although at the outset he treated that jurisdiction as subsisting and invoked its exercise. Of course, he is entitled to raise this question notwithstanding his prior inconsistent attitude, for jurisdiction of the subject-matter must arise by law and not by mere consent. * * *"

To the same effect are Elwess v. Elwess, 73 N.M. 400, 389 P.2d 7 (1964); Nelson v. Iowa-Illinois Gas and Electric Co., 259 Iowa 101, 143 N.W.2d 289 (1966); Industrial Commission of Ohio v. Weigand, 128 Ohio St. 463, 191 N.E. 696 (1934).

Most interesting in this connection is McCann v. McCann, 46 N.M. 406, 409, 129 P.2d 646, 648 (1942), wherein it was held that the district court, in considering an appeal from probate court, had only such jurisdiction as the probate court, and even though the jurisdiction was invoked by appellants and would have been within the general jurisdiction of the district court, nevertheless no jurisdiction attached to do what was attempted. We there said:

"Appellee would meet the challenge to the jurisdiction of the Probate Court with the argument that, after all, the District Court upon removal could, as it did, properly adjudicate all issues submitted as shown by the pleadings and the decree. It is also pointed out that it was the appellants who invoked the court's jurisdiction to determine heirship and urges the inappropriateness of permitting them now to question, as they do in their later briefs, the character of the adjudication or the jurisdiction to make it; but this point is not well taken. Jurisdiction cannot be conferred by consent. Davidson et al. v. Enfield, 35 N.M. 580, 3 P.2d 979."

We do not overlook the fact that the narrow holding in McCann concerning probate court jurisdiction was questioned in In re Conley's Will, 58 N.M. 771, 276 P.2d 906 (1954). However, no issue was there raised concerning the rationale or validity of the quotation set forth above. See also, Bernstein v. Bernstein, 73 N.M. 365, 388 P.2d 187 (1964), and Greathouse v. Greathouse, 64 N.M. 21, 322 P.2d 1075 (1958).

As we see the case, it boils itself down to an attempt to have property rights determined in the divorce proceedings wherein the court had fully decided all issues presented to it, and had no further or continuing jurisdiction except as provided in § 22–7–6, supra. What appellee tried to do could only be accomplished in an action filed pursuant to § 22–7–22, supra, and, not being such an action, the court had no jurisdiction to consider or decide the issues relative to division of the property of the parties.

It follows that the cause must be reversed and remanded to the district court with instructions to dismiss the proceedings.

It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.