487 P.2d 481

Frances HENSLEY (Formerly Frances Head Zarges), Plaintiff-Appellant,

v.

Henry W. ZARGES, Defendant-Appellee.

No. 9216.

Supreme Court of New Mexico.

July 26, 1971.

Adams & Foley, Albuquerque, for appellant.

Wright & Kastler, Raton, for appellee.

OPINION

OMAN, Justice.

The parties to this cause were formerly husband and wife, and are the same parties named in Zarges v. Zarges, 79 N.M. 494, 445 P.2d 97 (1968). The case now before us was filed pursuant to § 22–7–2, N.M.S.A.1953, for the purpose of having the property rights of the parties determined. The trial court affirmed, and adopted as the court's own division and distribution of the community property, an oral agreement for division of their property entered into between the parties prior to the filing by plaintiff of a divorce action in April 1965. Plaintiff has appealed. We affirm.

Plaintiff relies upon three points for reversal. The first is:

"The verbal agreement between the parties for division of their property entered into prior to their divorce was invalid, because:

"(a) In making such agreement, plaintiff did not have competent and independent legal advice;

"(b) Defendant failed to sustain the burden of showing that the plaintiff received adequate consideration;

"(c) The defendant failed to sustain the burden of showing that prior to the divorce of April 27, 1965, he made full disclosure to the plaintiff as to her rights and the value and extent of the community property."

The pertinent facts found by the trial court and which are not challenged are:

(1) Plaintiff was advised by the attorney representing her in the divorce action that the parties must make full disclosure to each other concerning all their property;

(2) Prior to the institution of the divorce action her attorney made inquiry concerning the agreement to divide the property, but she refused to disclose the terms thereof;

(3) She did tell her attorney she was satisfied with the agreement and that the property had already been divided in accordance therewith; and

(4) She testified in the divorce proceedings that she and her husband had agreed on a division of her property, the agreement was satisfactory to her, and the property had been divided accordingly.

The pertinent facts found by the trial court which are challenged are:

(1) The parties, prior to the filing of the divorce action, did make full and complete disclosure each to the other of all their property;

(2) The agreement entered into between them as to the division of their property was fair and equitable;

(3) As a part of the agreement defendant assumed and agreed to pay a community indebtedness in the amount of $8,500.00;

(4) The agreement between the parties was free of fraud or undue influence on the part of defendant;

(5) Under the agreement each party received property of approximately equal val-

ue, considering the community indebtedness assumed by defendant;

(6) There exists no additional property which the court should divide or distribute; and

(7) The court " * * * now approves, confirms and ratifies the agreement previously made and entered into by and between the parties concerning a division and distribution of their community property and adopts the same as the Court's own division and distribution."

It would serve no useful purpose to detail the lengthy testimony and other evidence which substantially supports the foregoing findings, insofar as they are findings of fact. We are convinced from a reading of the entire record that they are so supported. The other findings, which are in effect conclusions, are supported by the findings of fact and the record.

Plaintiff also attacks two other findings concerning consultations with her attorney. She claims these two findings are immaterial to the issues, that one of them is not supported by substantial evidence, and that the other suggests the attorney was acting solely as her attorney, whereas the fact is the attorney was employed and consulted by both plaintiff and defendant. These findings as made are supported by substantial evidence. Regardless of the inference plaintiff draws from the one finding, neither this inference nor the findings themselves are of any significance in a determination of the issues presented on this appeal. The facts are that the attorney was employed by and advised with both of them at times, but he did represent plaintiff in the divorce action. The extent of his advice concerning the community property is as shown by the above findings of the trial court.

■ As to the question of plaintiff having competent and independent legal advice, she apparently takes the position that because the attorney was employed by both her and defendant and did advise to some extent with both of them, she is thereby automatically and without question entitled to have the agreement vacated. She relies upon Beals v. Ares, 25 N.M. 459, 185 P. 780 (1919); Primus v. Clark, 48 N.M. 240, 149 P.2d 535 (1944); Trujillo v. Padilla, 79 N.M. 245, 442 P.2d 203 (1968). The principles announced in those cases fail to support plaintiff's contention or her position under the facts of this case. In order to avoid any misunderstanding of our reference to the opinion in Primus v. Clark, supra, in which only the author thereof and one other Justice concurred, we do not intend to suggest that we either agree or disagree with the opinion in that case. We intend only an answer to plaintiff's reliance thereon.

In addition to the foregoing recited facts, the evidence is that plaintiff was aware of all the property, and was better informed than defendant as to the value of most of the personal property which she received. She knew what had been paid for the real estate received by defendant, and was familiar with and knew the approximate costs of the improvements they had placed thereon. The parties made their home for some time on this property after making the improvements. After the settlement had been effected and the property divided thereunder, plaintiff remarked that she was happy about it, and had gotten "the best of the deal."

She also asserts she was threatened by and afraid of her husband. Her testimony as to the claimed threat and fear was at best equivocal and confusing, and, though not directly rebutted by the testimony of defendant, his answers to the questions asked of him clearly implied a rebuttal thereof. In any event, her testimony was not free from reasonable doubts. Under these circumstances the trial court was not bound to accept her testimony as true. Samora v. Bradford, 81 N.M. 205, 465 P.2d 88 (Ct. App.1970).

The result reached by the trial court was not dependent upon an affirmance or ratification of the agreement between the parties. The entire matter was litigated, and the trial court, both by a finding as above

shown and by a conclusion, adopted the agreement of division as the court's division of the property. As already stated, the fairness of this division is supported by substantial evidence and other findings of the court. No direct attack is made upon the finding or conclusion of the court concerning the adoption as its own of the division and distribution theretofore made by the parties. In the statement of proceedings a parenthetical reference is made to the finding as being attacked under Point 1, but no reference is made thereto in the argument under this point. Thus, we assume plaintiff has abandoned her attack on this finding. Novak v. Dow, 82 N.M. 30, 474 P.2d 712 (Ct.App.1970).

Plaintiff also urges error on the part of the trial court in refusing a number of requested findings which are inconsistent with the findings made by the trial court. Since the trial court's findings are supported by substantial evidence, the denial of plaintiff's contrary findings did not constitute error. Powers v. Campbell, 79 N.M. 302, 442 P.2d 792 (1968); Hancock v. Berger, 77 N.M. 321, 422 P.2d 359 (1967).

■ By her second point, plaintiff urges the trial court erred in admitting into evidence an oral statement by the court in the divorce proceedings that the agreement of the parties as to the distribution of their property was ratified and approved, and further erred in making a finding to this effect.

We agree this evidence and the finding were immaterial to any issue in the case now before us. The trial court in the divorce proceeding did not pass upon the property rights of the parties. Zarges v. Zarges, supra. However, in our opinion the admission of this evidence and the making of this finding did not affect the result, and, therefore, plaintiff was not prejudiced. Prude v. Lewis, 78 N.M. 256, 430 P.2d 753 (1967); Wright v. Brem, 81 N.M. 410, 467 P.2d 736 (Ct.App.1970).

■ As her third point, plaintiff urges error on the part of the trial court in finding defendant contributed $8,250.00 from his separate property to the community property acquisitions. Although the evidence in support of this finding is somewhat confusing, we believe it to be substantial. However, we need not predicate our disposition of this issue upon the question of the substantiality of the evidence to support the finding. The findings and conclusions to the effect that the parties received property of approximately equal value, the distribution of their property between them was fair and equitable, and this distribution was also the court's distribution, are supported by substantial evidence, are consistent with the applicable law, and are in no way dependent upon the finding that defendant contributed $8,250.00 to the property. Therefore, a correction of this finding, even if it be in error, would not change the result. Consequently, it is not our function to correct it. Prude v. Lewis, supra; Wright v. Brem, supra.

The judgment should be affirmed.

It is so ordered.

COMPTON C. J., and McMANUS, J., concur.