589 P.2d 196

Judy K. HIGGINBOTHAM,
Plaintiff-Appellee,

v.

Ronald M. HIGGINBOTHAM,
Defendant-Appellant.

No. 11735.

Supreme Court of New Mexico.

Jan. 11, 1979.

Ronald M. Higginbotham, pro se.

John P. Cusack, Roswell, for plaintiff-appellee.

## OPINION

EASLEY, Justice.

The parties were divorced in 1974. Mr. Higginbotham reopened the case in July, 1977, to litigate a child custody problem. Mrs. Higginbotham counterclaimed for alleged non-payment of child support and claimed that she was entitled to have the original judgment for division of the community assets enforced. The court, among other rulings, held that Mrs. Higginbotham should prevail on the community property question and awarded her a monetary judgment. We reverse the trial court's decision.

We inquire whether, in an action to enforce the terms of a decree for division of community property, a party may introduce parol evidence that the parties had agreed upon a different method of satisfying the judgment than that provided in the decree.

Another issue is whether the court has jurisdiction to reopen a decree for division of community property to entertain a claim for enforcement of a verbal contract between the parties that was designed to supplant the terms of the decree.

The divorce decree called for the sale of the home of the parties and an equal division of the proceeds. The house remained on the market for some time. The evidence is undisputed that the parties thereafter agreed that it would be traded for another house and $2600.00. Mr. Higginbotham claimed that the $2600 was to be spent by him to improve the second house after which it would be sold and the profits split equally. Mrs. Higginbotham claims that she only loaned her one-half of the $2600 to her ex-husband and was to receive the money back when the property was sold. Mr. Higginbotham claimed that no money was made on the second transaction and that he owed her nothing. All of this evidence found its way into the record although the court held that is was inadmissible.

The question litigated was whether the disputed terms of an oral agreement were admissible to establish a change in the manner that the original stipulated property division was to be satisfied. The court held that the evidence was not admissible for the reason that the new agreement should have been in writing and filed in the lawsuit. The court refused to consider the oral agreement and ordered Mr. Higginbotham to pay his ex-wife approximately $1300, representing one-half of the money received in the house trade.

■ The effect of the undisputed oral agreement between the parties to use the money from the sale of their residence to repair the second house, instead of dividing it equally, was to substitute a new contract for the terms of the decree. This constitutes a lawful agreement discharging the judgment. *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.*, 88 N.M. 472, 542 P.2d 52 (Ct.App.1975), *aff'd in part, rev'd in part, Fortuna Corp. v. Sierra Blanca Sales Co., Inc.*, 89 N.M. 187, 548 P.2d 865 (1976). The trial court erroneously held that evidence of this oral agreement was inadmissible because it was not in writing and filed. It is not challenged that Mr. Higginbotham relied upon the agreement and repaired and sold the second house. There was at least part performance of the contract to seal the bargain. Thus the reliance of the trial court on the parol evidence rule is misplaced. *Powell v. Van Donselaar*, 162 Neb. 96, 75 N.W.2d 105 (1956).

■ To dispose of this case it is necessary to consider whether the trial court has any jurisdiction to proceed further in settling the dispute between these parties. This issue was not considered below. We raise it *sua sponte*. *Worland v. Worland*, 89 N.M. 291, 551 P.2d 981 (1976); *State ex rel. Overton v. New Mexico State Tax Com'n*, 81 N.M. 28, 462 P.2d 613 (1969). The new contract to satisfy the judgment is not subject to the jurisdiction of the district court where its enforcement is raised in the divorce case. Section 39–1–1, N.M.S.A.1978 (Formerly § 21–9–1, N.M.S.A.1953 (Repl. 1970)) provides for final judgments to remain under the control of the court for a period of thirty days. The exceptions to this rule contained in § 40–4–7, N.M.S.A. 1978 (Formerly § 22–7–6, N.M.S.A.1953 (Supp.1975)) and N.M.R.Civ.P. 60(b), N.M.S.A.1978 (Formerly § 21–1–1(60)(b), N.M.S.A. 1953) do not apply to the facts in this case.

The Court held in *Zarges v. Zarges*, 79 N.M. 494, 445 P.2d 97 (1968), that once the time has lapsed within which an appeal may be taken from the divorce decree, a court's change of the original division of the property cannot be sustained as an exercise of its continuing jurisdiction.

We reverse and remand the case for entry of judgment for Mr. Higginbotham.

IT IS SO ORDERED.

McMANUS, S. J., and FEDERICI, J., concur.