660 P.2d 1017

**Rose BENAVIDEZ, Plaintiff-Appellee,**

v.

**Oliver BENAVIDEZ,
Defendant-Appellant.**

No. 13669.

Supreme Court of New Mexico.

March 22, 1983.

Dickson, Dubois, Caffrey & Cooksey, John F. Caffrey, Albuquerque, for defendant-appellant.

Rose Benavidez, pro se.

## OPINION

STOWERS, Justice.

This appeal arises from a motion seeking to modify the terms of a final divorce decree. The district court granted the motion and determined that the terms of the final decree were inequitable and that the decree should be modified. Husband appeals. We reverse.

The legal issue presented this Court is whether the state district court has the power to modify a divorce decree and order the payment of a sum that equals the amount of a debt previously discharged in bankruptcy.

Because of the jurisdictional questions involved, a complete review of the facts and history of this case is appropriate. In April 1979, Oliver Benavidez (Husband) and Rose Benavidez (Wife) borrowed money from Citicorp Person-to-Person Financial Center (Citicorp). The loan was secured by a second mortgage on the parties' residence. Husband made payments to Citicorp on the mortgage note until he incurred a work-related injury in October 1979. Payments were then made through disability insurance purchased at the time of the original mortgage note. Subsequently, the parties were granted a divorce on February 1, 1980. Along with the final decree of divorce, the court incorporated by reference a stipulation agreement, which allocated the parties' property and obligations. The issue of alimony was addressed in section 16 of the stipulation, which reads, "Alimony: None." Neither the property settlement stipulation nor the final decree made specific mention of the mortgage debt owed Citicorp. Furthermore, neither party disclosed the existence of the mortgage note to his or her respective attorney prior to the entry of the final decree of divorce, although both were aware of its existence.

On February 22, 1980, Husband filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Mexico. The bankruptcy schedules listed the debt of Husband to Citicorp and separately listed Wife as a creditor of Husband because of the joint obligation to Citicorp. Wife filed an adversary proceeding in the Bankruptcy Court, attempting to compel Husband to pay the debt to Citicorp. She alleged that Husband fraudulently induced her to join him in executing the mortgage to Citicorp. Wife was unsuccessful, and the Bankruptcy Court dismissed her adversary proceeding. The Bankruptcy Court did lift the automatic stay provisions to allow Wife to seek an increase in child support from the state court. Wife then filed motions in district court not only for the purpose of reconsidering the amount of child support, but also for the purpose of modifying the final divorce decree.

The amount of child support was increased in a separate order, and there are no child support questions at issue in this appeal. At issue is the modification of the final divorce decree and the grant to Wife of additional relief in the form of a sum equal to the amount owed on a debt of the marriage. The hearing on the motion to modify the final decree was held November 20, 1980. On March 4, 1981, the district court rendered its decision; adopting findings of fact and conclusions of law.

The district court found that the terms of the final decree were inequitable because the court had not been informed of the existence of a second mortgage on the parties' residence owed to a third party, Citicorp. The court further found that equity required it to modify the final decree on the basis of this mistake and ordered Husband to pay Wife whatever amounts were required to be paid on the mortgage debt to Citicorp.

Husband alleges that the trial court erred in ordering him to pay a debt to Wife that had been discharged by Husband's previous bankruptcy. Wife has not filed a brief in this Court, and there has been no oral argument presented on her behalf. Therefore, our decision will be based only upon the brief on file. *See Louis Lyster, General Contractor, Inc. v. Town of Las Vegas,* 75 N.M. 427, 405 P.2d 665 (1965); *see also* N.M.R.Civ.App. 9(e), N.M.S.A.1978 (Cum. Supp.1982).

The relevant section of the Bankruptcy Act providing for the discharge of debts reads as follows:

> Except as provided in section 523 of this title, a discharge ... discharges the debtor from all debts that arose before the date of the order for relief under this chapter....

11 U.S.C. § 727(b) (Supp. V 1981).

Because Husband's debt to Citicorp and to Wife as co-maker existed when the bankruptcy petition was filed, we refer to 11 U.S.C. § 523 to determine whether the debt at issue is nondischargeable.

Section 523(a) of the Bankruptcy Code excepts from discharge any debt

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
>
> ....
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support:

11 U.S.C. § 523(a)(5)(B) (Supp. V 1981). According to section 523, therefore, those portions of property settlements in marriage dissolution proceedings not viewed as being in the nature of alimony are dischargeable. The task of determining which obligations are in the nature of alimony and which result from a disposition of property is often a difficult one. Bankruptcy law, rather than state law, applies in deciding what is alimony, maintenance, or support for the purpose of determining the nondischargeability of the debts involved. H.R. Rep. No. 595, 95th Cong., 1st Sess. 364 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 79 (1978); 1978 U.S.Code Cong. & Ad.News 6320, 5865; *see In re Dirks,* 15 B.R. 775 (Bkrtcy.D.N.M.1981). The majority of cases concerning this issue involve determining whether the debt is actually in the nature of alimony, maintenance, or support when those terms are so designated in the agreement. *See, e.g., In re Burns,* 21 B.R. 909 (Bkrtcy.W.D.Okla.1982); *In re Carrigg,* 14 B.R. 658 (Bkrtcy.D.S.C.1981); *In re Snyder,* 7 B.R. 147 (Bkrtcy.W.D.Va.1980); *In re Warner,* 5 B.R. 434 (Bkrtcy.D.Utah 1980). In the present case, however, the debt to Citicorp had not been addressed in the divorce proceedings and was therefore categorized as neither alimony nor part of a property settlement when discharged in the bankruptcy proceedings. *Cf. In re Beckwith,* 17 B.R. 816 (Bkrtcy.N.D.Ohio 1982) (omission of any mention of alimony obviously with design and intent of the parties); *In re Snyder, supra* (no showing of intent to award alimony). Wife did bring an action

in Bankruptcy Court in an effort to compel Husband to pay the debt. She based her action on fraud, but she was unsuccessful. When she took the matter back to district court, the district court modified the decree, using the amount of the debt to Citicorp as the measure of the increased award to Wife.

 In its decision, the district court stated that it was modifying "the property division and alimony provision of the decree." If the debt to Citicorp properly would have been classified as part of a property settlement, however, it would have been discharged as to Husband pursuant to federal bankruptcy law. 11 U.S.C. § 523(a)(5) (Supp. V 1981). The Bankruptcy Act relieves the obligor of the legal duty to pay a debt imposed as part of a property settlement. *In re Marriage of Clements,* 134 Cal.App.3d 737, 184 Cal.Rptr. 756 (1982). Moreover, a final decree of dissolution of marriage, which incorporates the parties' property settlement agreement may not be modified after the expiration of the statutory time for doing so. *Wehrle v. Robison,* 92 N.M. 485, 590 P.2d 633 (1979); *see also Higginbotham v. Higginbotham,* 92 N.M. 412, 589 P.2d 196 (1979). A district court retains jurisdiction over final judgments for a period of thirty days after entry of the judgment. § 39–1–1, N.M.S.A.1978. In the present case more than thirty days had passed between the entry of judgment and the motion for modification. Therefore, the final divorce decree, which incorporated the property settlement, was a final nonmodifiable judgment. *See Parks v. Parks,* 91 N.M. 369, 574 P.2d 588 (1978).

 Assuming *arguendo* that the debt to Citicorp could be classified as nondischargeable alimony rather than dischargeable property settlement, we must look at the law applicable to modification of alimony awards. Under New Mexico law, so long as some alimony is reserved by the trial judge, the trial judge has continuing power to alter or amend the alimony award as changing circumstances warrant. § 40–4–7(B)(2), N.M.S.A.1978; *Brister v. Brister,* 92 N.M. 711, 594 P.2d 1167 (1979). The

needs of the wife have long been considered adequate grounds for changing an award previously made. *Michelson v. Michelson,* 86 N.M. 107, 520 P.2d 263 (1974). However, an award of alimony subsequent to the entry of the final decree is not authorized when that decree did not initially award any alimony, unless the claimant is entitled to relief under Rule 59 (new trials) or Rule 60 (relief from judgment or order) of the Rules of Civil Procedure. *Gruber v. Gruber,* 86 N.M. 327, 523 P.2d 1353 (1974). As this Court stated in *Unser v. Unser,* 86 N.M. 648, 654, 526 P.2d 790, 796 (1974), "[W]here a divorce decree is silent on any award of alimony . . ., that judgment is res judicata on the question of alimony and precludes a later alimony award."

 In the present case, the trial court specifically awarded no alimony and therefore was restricted from subsequently awarding alimony. *See In re Danley,* 14 B.R. 493 (Bkrtcy.D.N.M.1981); *Unser v. Unser, supra.* A district court cannot act without having reserved the jurisdiction that is indispensable to the imposition of additional support obligations. *In re Danley, supra.* The district court stated, however, that "[t]he final decree [could] be modified to make an adjustment in property allocation and alimony, because the Court acted under a mistake in approving the decree." The district court apparently based its decision on Rule 60(b) of the Rules of Civil Procedure. That rule reads in relevant part as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) *mistake,* inadvertence, surprise or excusable neglect; . . .

N.M.R.Civ.P. 60(b), N.M.S.A.1978 (Repl. Pamp.1980) (emphasis added). It is appropriate to note, however, that the district court did not act upon a mistake when it approved the final decree of divorce. Rather, the court properly acted upon the information before it at the time of judgment, so there was no judicial error at that time. The omitted information regarding the debt to Citicorp was due to a knowing or intended nondisclosure on the part of the parties

and cannot correctly be construed as a mistake of the court's. For a general discussion of relief from judicial error based on mistake as provided in Rule 60(b), see 7 J. Moore, Moore's Federal Practice ¶ 60.22[3] (2d ed. 1982).

Because Rule 60(b) cannot be used to justify modification of the decree based on a mistake by the court, it is necessary to determine whether the rule can be applied to the actions of the parties. The record discloses that both Husband and Wife knew of the debt to Citicorp at the time of the divorce proceedings. Neither party brought the debt to the attention of the court, however. As a result, the debt was not addressed in the stipulation and final decree. The question, therefore, is whether this situation falls within the meaning of "mistake" as provided in Rule 60(b). Because New Mexico's Rule 60(b) is the same as Rule 60(b) of the Federal Rules of Civil Procedure, it is appropriate to look at federal law construing this rule. *State v. Romero,* 76 N.M. 449, 415 P.2d 837 (1966). The Court of Appeals for the Seventh Circuit stated that "Rule 60(b) is not to be invoked to give relief to a party who has chosen a course of action which in retrospect appears unfortunate...." *Sadowski v. Bombardier, Ltd.,* 539 F.2d 615, 618 (7th Cir.1976). Subsection (1) of Rule 60(b) generally has been applied in cases in which the failure to introduce evidence was not willful, and the moving party would be deprived of a full and fair hearing through no fault of his own. *See, e.g., A.F. Dormeyer Co. v. M.J. Sales & Distributing Co.,* 461 F.2d 40 (7th Cir.1972) (attorney's unfamiliarity with local rules); *Vindigni v. Meyer,* 441 F.2d 376 (2d Cir.1971) (disappearance of counsel). If the decision to avoid introducing certain evidence was made consciously and knowingly, the party cannot claim mistake, inadvertence, surprise, or excusable neglect. *Bell Telephone Laboratories, Inc. v. Hughes Aircraft Co.,* 73 F.R.D. 16 (D.Del. 1976). Rule 60(b) cannot be used to relieve a party from the duty to take legal steps to protect his interests. *John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co.,* 19 F.R.D. 379 (M.D.Pa.), *aff'd,* 239 F.2d 815 (3d Cir.1956).

The record in the present case indicates that in the initial divorce proceedings Wife made a free and conscious choice regarding nondisclosure of the debt to Citicorp. She therefore cannot now be granted relief under Rule 60(b) from the consequences of that decision. *Bell Telephone Laboratories, Inc. v. Hughes Aircraft Co., supra; see also Pagan v. American Airlines, Inc.,* 534 F.2d 990 (1st Cir.1976); *see generally* 7 J. Moore, Moore's Federal Practice ¶ 60.22[2] (2d ed. 1982).

For the foregoing reasons, we find that the trial court erred in modifying the divorce decree. The decision of the trial court is therefore reversed and the cause remanded with instructions that the decree of February 1, 1980 be reinstated and the judgment modifying that earlier decree be set aside.

IT IS SO ORDERED.

SOSA, Senior Justice and FEDERICI, J., concur.