# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CARMEN WOOD and ACTION OIL COMPANY, INC., a New Mexico corporation,**

    Plaintiffs-Appellants,

**v.**                                                                 No. 28,582

**MARY CUNNINGHAM, personal representative of the Estate of John Cunningham, JOHNNY CUNNINGHAM, d/b/a R & J ENTERPRISES, MARY CUNNINGHAM, RICHARD L. BALDWIN, and DEBBIE D. BALDWIN,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean Jr., District Judge**

Atkinson & Kelsey, P.A.
Thomas C. Montoya
Albuquerque, NM

for Appellants

Montgomery & Andrews P.A.
J. Scott Hall
Santa Fe, NM

for Appellees Estate of John Cunningham,
Mary Cunningham, and Johnny Cunningham

Finch & Olson, P.A.
Kyle M. Finch
Farmington, NM

for Appellees Richard and Debbie Baldwin

**MEMORANDUM OPINION**

**SUTIN, Chief Judge.**

Plaintiffs appeal an order dismissing the complaint for rescission and awarding summary judgment to Defendants. We issued a notice of proposed summary disposition, proposing to uphold the district court's decision. Plaintiffs have filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

On appeal, Plaintiffs contend that the absence of an indispensable party deprived the district court of jurisdiction or authority to render its ultimate determination. [DS 10; MIO 1-8]

Plaintiffs' indispensable party issue was briefly addressed in this Court's previous decision in *Wood v. Cunningham*, 2006-NMCA-139, ¶ 18, 140 N.M. 699, 147 P.3d 1132. To reiterate, the Court observed that the position Plaintiffs advocate on appeal is directly at odds with the position that they took below. *Id.* This is generally impermissible, unless a jurisdictional challenge is presented. *See Zarges*

*v. Zarges*, 79 N.M. 494, 497, 445 P.2d 97, 100 (1968) ("Under ordinary circumstances a party is not permitted to take a position in the court below and, thereafter, to take a contrary position on appeal. However, the rule is otherwise when jurisdiction is involved."). This Court further observed that even if we were to assume that an indispensable party was absent, this state of affairs could not be said to have deprived the district court of jurisdiction. *Wood*, 2006-NMCA-139, ¶ 18; *see C.E. Alexander & Sons, Inc. v. DEC Int'l, Inc.*, 112 N.M. 89, 91, 811 P.2d 899, 901 (1991) (overruling prior cases holding that absence of indispensable party is jurisdictional defect).

In their memorandum in opposition, Plaintiffs suggest that the Court's brief treatment of the indispensable party issue in the course of the previous appeal was not conclusive. [MIO 2] Even if this is so, it remains an accurate reflection of our assessment of the issue.

Plaintiffs also contend that the district court's decision has placed them, as well as the Navajo Nation, in an "untenable position." [MIO 2] However, the Navajo Nation remains at liberty to approve or reject the transfer. [Id.] And although the ultimate disposition of the leases may remain unclear, we fail to see how this state of affairs could be said to undermine the district court's jurisdiction.

Finally, Plaintiffs suggest that they are not attempting to advance a different position on appeal. Although they acknowledge their clear opposition to the indispensable party argument below [MIO 3], Plaintiffs cite two pages in the record where they questioned the court's authority. [MIO 5; RP 213, 345] We find Plaintiffs' argument in this regard to be unpersuasive for two reasons.

First and foremost, the two pages cited by Plaintiffs contain such isolated and cursory statements that they cannot be said to represent a genuine or meaningful retreat from the Plaintiffs' clearly and repeatedly stated opposition to the indispensable party argument they are now attempting to advocate.

Second, Plaintiffs' attempt to reconcile their conflicting positions is implausible. Specifically, Plaintiffs suggest that although the Navajo Nation would not have been an indispensable party if the district court had awarded the relief that they requested, the Navajo Nation became an indispensable party when the district court entered judgment in Defendants' favor. [MIO 4] In other words, Plaintiffs suggest that the district court had authority over the matter if, and only if, Plaintiffs prevailed. We find this result-oriented approach to be so contrived and so completely unsupported by citation to authority [MIO 3-4] that we do not hesitate to reject it.

3

Accordingly, for the reasons previously stated, we reject Plaintiffs' attempt to shift their position on the underlying indispensable party issue in order to obtain relief from the underlying judgment.  As our Supreme Court has previously explained, we are not inclined to entertain indispensable party arguments advanced on appeal as a means of obtaining "a technical escape from an adverse judgment when [the appellant] had ample opportunity to bring the issue before the district court." *C.E. Alexander & Sons, Inc.*, 112 N.M. at 92, 811 P.2d at 902.  Both the operative principles of law and equity militate against such an outcome.  The district court's ruling is therefore affirmed.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**CELIA FOY CASTILLO, Judge**

4