This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LISA R. GOLDEN,**

Petitioner-Appellee,

v.                                                        **NO. 29,549**

**WESLEY GOLDEN,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Atkinson & Kelsey, P.A.
Thomas C. Montoya
Albuquerque, NM

for Appellee

Michael L. Danoff & Associates, P.C.
Michael L. Danoff
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Husband and Wife were divorced on March 6, 2006. [RP 6] The final decree recites that there are no property or debt issues to be resolved. [RP 6, ¶ 5] Wife was awarded the house at 6715 Crest Avenue SE in Albuquerque. [RP 8] On October 23, 2008, Husband filed a motion for accounting of proceeds, contending that since the divorce he had mistakenly been paying, through automatic withdrawals, the mortgage on the house. [Id.] Husband seeks to recover his alleged overpayment of $25,800. The district court dismissed his motion concluding that it had lost jurisdiction to consider the motion. [RP 35]

Our notice proposed to affirm. Husband filed a motion to amend the docketing statement and memorandum in opposition, and Wife filed a memorandum in support. We have considered the arguments of both parties and conclude that Husband's motion was properly dismissed.

**DISCUSSION**

"After the expiration of the time within which to appeal a decree awarding a divorce, allocating responsibility for community debts, and declaring the interests of the parties in the property acquired during marriage, the court in the original proceeding loses jurisdiction to modify the decree except under the provisions of Rule [1-060(B) NMRA], or where relief is sought to modify child custody, child support,

or alimony." *Mendoza v. Mendoza*, 103 N.M. 327, 331, 706 P.2d 869, 873 (Ct. App. 1985). Husband here did not file any motion pursuant to Rule 1-060(B), and instead he styled his claim as a motion for an accounting. We hold that under existing case law, Husband's claim would have to be brought as a second, independent action, rather than an action within the divorce case. *See* NMSA 1978, § 40-4-20 (1993). Section 40-4-20 provides that after a divorce, "either [party] may subsequently institute and prosecute a suit for division and distribution or with reference to any other matter pertaining thereto that could have been litigated in the original proceeding for dissolution of marriage or separation."

While the district court retains jurisdiction over a divorce judgment to modify or enforce the judgment, *Zarges v. Zarges*, 79 N.M. 494, 494-96, 445 P.2d 97, 97-99 (1968), Husband's motion is not a motion to modify or enforce the judgment. It relates to the property—the house—only in the most general way, and it involves Husband's mistake after the final decree. It does not appear to enforce any provision of the divorce decree or any settlement agreement. Consequently, it is properly classified either as a separate action under Section 40-4-20 or possibly as the subject of a separate equitable action. *See Zarges,* 79 N.M. at 494-96, 445 P.2d at 97-99 (holding that where the divorce decree settled property division and where twenty

3

months later Wife sought to divide community property and seek an accounting from Husband, the district court was without jurisdiction). *Zarges* appears to be the closest to this case because it deals with, among other things, a motion for an accounting. *See id.* at 495, 445 P.2d at 98. We therefore rely on *Zarges* and conclude that the court had no jurisdiction to consider Husband's motion within the divorce case. *See id.* at 494-96, 445 P.2d at 97-99 (holding that Wife's remedy, if any, was in the nature of a separate suit under the predecessor statute to Section 40-4-20); *Mendoza*, 103 N.M. at 330-33, 706 P.2d 872-75 (holding that nine years after the divorce, the trial court had no jurisdiction to enter a subsequent order changing the property interests of the parties).

Husband argues that he should be allowed to bring his action within the divorce action because it is more judicially efficient and because affirmance of the dismissal will encourage and support Wife's bad behavior. [MIO 2] We are not persuaded. The law we have discussed requires a separate action, and we do not feel free to dispense with that authority. As for Husband's claim that we will encourage Wife's bad behavior, that is not true. Wife could still be called to account in a proper, separate action.

In her memorandum in support, Wife argues that the motion for accounting

could not be raised as a separate action under Section 40-4-20 because the facts giving rise to the motion for accounting were not in existence at the time the original divorce action became final. [MIS 2]  Our notice did not state that Husband's action could only be brought under Section 40-4-20; instead, we observed that the action "appears to qualify as a separate action under [Section 40-4-20] or might be the subject of a separate equitable action." [CN 3]  We deem it unnecessary to address or resolve this question or to determine what Husband's remedy should be.  We leave to Husband to determine how to proceed below after mandate.   Our holding is limited to a conclusion that Husband's motion for accounting was improperly brought within the closed divorce case, and that dismissal was therefore proper.

We affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**

_____

**ROBERT E. ROBLES, Judge**