J. LEE PEELER & CO. v. MAKEPEACE

[96 N.C. App. 118 (1989)]

Affirmed.

Judges PHILLIPS and PARKER concur.

---

J. LEE PEELER & CO., INC. v. HAROLD T. MAKEPEACE AND HELEN S. MAKEPEACE

No. 8814SC1415

(Filed 17 October 1989)

**Limitation of Actions § 7 (NCI3d) — action to establish constructive trust — fraud or mistake alleged — three-year statute of limitations applicable**

The three-year statute of limitations of N.C.G.S. § 1-52 rather than the ten-year limitation of N.C.G.S. § 1-56 applied to bar plaintiff's action to establish a constructive trust based on a claim of defendants' unjust enrichment as a result of their fraud or mistake in the sale of common stock.

**Am Jur 2d, Limitation of Actions § 101.**

APPEAL by plaintiff from order entered 17 November 1988 in DURHAM County Superior Court by *Judge Henry W. Hight, Jr.* Heard in the Court of Appeals 24 August 1989.

*William V. McPherson, Jr. for plaintiff-appellant.*

*Manning, Fulton & Skinner, by Michael T. Medford, for defendant-appellees.*

BECTON, Judge.

In this civil action plaintiff, J. Lee Peeler & Co., Inc., a stock brokerage firm, seeks to fasten a constructive trust on proceeds received by defendants from the sale of common stock and on 125 shares of common stock retained by defendants, the Makepeaces. The trial court allowed the Makepeaces' motion under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and dismissed the action with prejudice because plaintiff's claims were barred by the applicable statute of limitations of N.C. Gen. Stat. Sec. 1-52(9). Plaintiff appeals, contending that the action to impose a construc-

tive trust is governed by the ten-year period in N.C. Gen. Stat. Sec. 1-56. We disagree with plaintiff and affirm the trial court.

I

On 30 May 1978, the defendant husband placed an order to sell 1,000 shares of United Guaranty Corporation stock (United Guaranty), with Peeler as broker. Peeler executed the order. A stock dividend of one-share-for-four had been declared and paid earlier by United Guaranty. As a result of that dividend, every four shares traded through 30 May 1978 had to include an additional share. Peeler alleges that defendant husband knew or had reason to know that this requirement meant that he was obligated to tender 1,250 shares of United Guaranty stock in order to sell 1,000 shares.

Defendant husband tendered 1,125 shares of United Guaranty stock with an order to transfer title to 125 of those shares to his wife. Peeler's staff was unaware of defendant husband's obligation to tender 1,250 shares and made the transfer of title that defendant husband requested. Peeler alleges that defendant husband defrauded him of the 125 shares and $4,280 in proceeds of sales attributable to shares which he did not deliver. In the alternative, Peeler alleges that defendant husband mistakenly thought that his order to sell 1,000 shares of United Guaranty stock only obligated him to deliver 1,000 shares. On 27 May 1988, Peeler brought suit to have a constructive trust fastened to the proceeds and the 125 shares. Defendant's subsequent motion to dismiss was granted on the ground that the statute of limitations barred the action.

II

Section 1-56 states, "An action for relief *not* otherwise limited by this subchapter may not be commenced more than 10 years after the cause of action has accrued." (Emphasis added.) However, Section 1-52(9) states that an action "[f]or relief on the ground of fraud or mistake" must be brought within three years.

Peeler contends that his claim is timely and relies on *Jarrett v. Green*, 230 N.C. 104, 52 S.E.2d 223 (1949). In *Jarrett*, the beneficiaries of certain stock sued the trustee for selling the stock. They sought to recover the property and sought an accounting. The action did not sound in fraud or mistake, nor did a specific

statute of limitations apply to it. Thus, the court applied the umbrella provisions of Section 1-56.

This case is distinguishable from *Jarrett*. Peeler specifically alleges fraud, or, alternatively, mistake as the basis for imposing a constructive trust. Thus, Peeler's ability to obtain the remedy of a constructive trust will depend upon his ability to bring an action to prove fraud or mistake. *See Little v. Bank of Wadesboro*, 187 N.C. 1, 121 S.E. 185 (1924). As Judge Haynsworth of the Fourth Circuit stated, "There is no suggestion of classification on the basis of remedies which might be available for enforcement of the substantive right. The right asserted is determinative, not the relief sought." *New Amsterdam Casualty Company v. Waller*, 301 F.2d 839, 844 (4th Cir. 1962). The case at bar is premised on a claim of the defendants' unjust enrichment as the result of their fraud or mistake. Thus, Peeler's action is "otherwise limited," Sec. 1-56, and the three-year limitation set forth in Sec. 1-52 applies.

Affirmed.

Judges ARNOLD and COZORT concur.